**BROWN, Appellee,**

v.

**CUMMINS, Appellant.**

[Cite as *Brown v. Cummins* (1997), 120 Ohio App.3d 554.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–97–1211.

Decided June 25, 1997.

*Sheldon Slaybod,* for appellee.

*Gregg Hickman,* for appellant.

*Per Curiam.*

This case is before the court *sua sponte.* On June 6, 1997, appellant filed a notice of appeal from a "Magistrate's Decision with Judgment Entry and Interim Order."

We note that the magistrate's decision in this case contains "orders" that are void because the magistrate has no power to enter such orders. First, the magistrate states that his decision is to take effect immediately as an interim order because immediate relief is justified. Next, the magistrate states that his decision shall become a final order without further journalization if objections have not been filed within a certain length of time. Finally, the magistrate orders that the motion pending before him is dismissed with prejudice.

In *Barker v. Barker* (1997), 118 Ohio App.3d 706, 693 N.E.2d 1164, we found that the procedures used by the Lucas County Court of Common Pleas, Domestic Relations Division, in cases referred to a magistrate by the judge were not consistent with Civ.R. 53 and that the magistrate's "orders" in that case were void. The same procedures were used in the case presently before us, and the magistrate's "orders" in this case are also void.

In order to further clarify our holding in *Barker v. Barker, supra,* we hold that the proper procedure to be followed when a case is referred to a magistrate pursuant to Civ.R. 53 is as follows:

I. The case is referred by the judge to a magistrate.

II. The magistrate may enter pretrial orders as set forth in Civ.R. 53(C)(3). Such orders may be appealed to the judge by filing timely objections.

III. The magistrate then "conduct[s] all proceedings necessary for decision of referred matters," Civ.R. 53(E)(1), and prepares, signs, and files his or her "decision" (not "order") on the referred matters. The clerk must serve a copy of the magistrate's decision on all parties.

IV. The Civ.R. 53(E)(2) provisions for findings of fact and conclusions of law are followed, and an amended magistrate's decision is prepared, if necessary, filed, and served on the parties.

V. The judge then has the option of adopting the magistrate's decision as his order. If he chooses to do so, the judge (not the magistrate) has three choices at this point and should do one of the following:

(a) Immediately make an interim order adopting the magistrate's decision temporarily "where immediate relief is justified." The interim order is not automatically stayed if a party files timely objections to the magistrate's decision, and the interim order will dissolve after twenty-eight days unless the judge extends the interim order for one additional twenty-eight-day period. If the judge wishes to make the order permanent at the end of the twenty-eight-day period, he must issue a final order and have it filed with the clerk of courts and entered on the court's journal, and the clerk shall serve it pursuant to Civ.R. 58.

(b) Immediately adopt the magistrate's decision as the final order of the court, sign the final order, and file it with the clerk, who will enter the order on the court's journal and serve notice of the order on all parties pursuant to Civ.R. 58. If a party files timely objections to the magistrate's decision, the execution of the judgment and the time for filing a notice of appeal are both stayed pending the judge's ruling on the objections.

(c) Wait to adopt the magistrate's decision until the time for filing objections has passed and then sign the final order if no objections have been filed. If objections have been filed, the judge shall rule on the objections and then sign the final order. The final order shall then be filed with the clerk, who will enter the order on the court's journal and serve notice of the order on all parties pursuant to Civ.R. 58.

■ In the instant case, a final judgment has not yet been made by the judge. The only order of the judge is his May 7, 1997 interim order pursuant to Civ.R. 53(E)(4)(c); the judge has not yet issued a final order. An interim order is by definition not final, and no appeal may be taken at this time.

■ We also find that the magistrate's statement at the end of his finding of facts and his decision that "these recommendations shall be made an interim order effectively immediately. Upon the expiration of the interim order period, this order shall become a final order, without further journalization, if objections have not been timely filed" is void. First, the magistrate has no authority to find that immediate relief is justified and that his decision is to be an interim order effective immediately. This is the judge's decision to make. Civ.R. 53(E)(4)(c). Next, there is nothing in Civ.R. 53(E) which would allow an interim order to "turn into" a final order with no further action of the court. At a minimum, this is a denial of due process since a party would have no way of knowing when the judgment is final and when the time for filing a notice of appeal begins to run. Within three days of the date the final judgment was journalized, parties must be notified by the clerk of courts that a final judgment has been entered and of the date it was entered on the court's journal. Civ.R. 58. See, also, *Atkinson v. Grumman Ohio Corp.* (1988), 37 Ohio St.3d 80, 523 N.E.2d 851.

Accordingly, we find that there is no final judgment in this case, and this appeal is dismissed at appellant's costs.

*Appeal dismissed.*

HANDWORK, SHERCK and KNEPPER, JJ., concur.