JOURNAL ENTRY AND OPINION
Plaintiff AAA Pipe Cleaning Corp. brought this action in the Cleveland Municipal Court against defendant Arrow Uniform Rental, Inc. claiming that defendant owed it $2,380 on a total account of $5,380 for pipe cleaning services. Defendant, claiming the amount plaintiff charged far exceeded the usual cost of similar past work performed, paid $3,000 on the invoice total. When plaintiff sought the remainder due on account, defendant sent plaintiff a letter which stated, "[w]e have paid $3,000 for the job which is consistent with your charges in the past." Defendant claimed this letter constituted an accord and satisfaction pursuant to R.C.1303.40(C) since plaintiff did not return the $3,000 check within ninety days as required by the statute.
The court referred the matter to a magistrate for trial. The magistrate found the letter contained some vagueness, but concluded the letter did contain a sufficiently conspicuous notice that the $3,000 should be considered payment in full for the pipe cleaning services. Because defendant did not return the check within ninety days as required by statute, the magistrate decided the $3,000 payment had to be considered payment in full. The court approved the magistrate's decision the same day, without waiting for any objections.
Within three days of the court's order approving the magistrate's decision, plaintiff filed objections to the magistrate's decision. Those objections primarily complained that the magistrate could not rationally conclude that the letter constituted a conspicuous notice of accord and satisfaction while as the same time admitting the letter contained some vagueness. The court then sustained plaintiff's objections and scheduled the matter for a trial de novo.
Defendant brings this appeal, claiming the court should have adopted the magistrate's decision because plaintiff's objections to the magistrate's decision failed to conform to the evidentiary requirements set forth in Civ.R. 53. Plaintiff claims the order setting the matter for trial is not a final, appealable order and asks us to impose sanctions against defendant for bringing this appeal.
We note that the court approved the magistrate's decision before giving plaintiff fourteen days in which to file objections as required by Civ.R. 53(E)(3)(a). Plaintiff did ultimately file objections within the fourteen day time period. Civ.R. 53(E)(4)(c) provides:
 (c) Permanent and interim orders. The court may adopt a magistrate's decision and enter judgment without waiting for timely objections by the parties, but the filing of timely written objections shall operate as an automatic stay of execution of that judgment until the court disposes of those objections and vacates, modifies, or adheres to the judgment previously entered.
By filing its objections within fourteen days of the magistrate's decision, plaintiff turned the court's initial adoption of the magistrate's decision into an interim order, and that order was not final. See Barker v. Barker (1997), 118 Ohio App.3d 706,713; Brown v. Cummins (1997), 120 Ohio App.3d 554,556. The court then had the obligation to address those objections and rule on them. Moreover, once plaintiff filed timely objections to the magistrate's decision, that filing operated as an automatic stay of execution which also stayed the time for appeal. See App.R. 4(B)(2); Divens v. Divens (Oct. 2, 1998), Montgomery App. No. 97 CA 112, unreported; Weitz v. Paulik
(July 13, 1998), Stark App. No. 1998CA00035, unreported. Consequently, the court's order sustaining plaintiff's objections became the appealable order in this case.
Nevertheless, we conclude we lack a final, appealable order. R.C. 2505.02, as applicable here, permits an appeal from orders that affect a substantial right in an action that in effect determines the action and prevents a judgment. The court's order, rejecting the magistrate's decision and setting the matter for trial de novo, did not determine the action.
Although the magistrate recommended judgment in defendant's favor, that was nothing more than a recommendation that the court could freely reject. Civ.R. 53(D)(4)(a) states that a magistrate's decision only becomes effective when adopted by the court. When faced with objections to a magistrate's decision, the court must undertake a de novo review of any recommendation by a magistrate. See DeSantis v. Soller (1990), 70 Ohio App.3d 226,232; Dayton v. Whiting (1996), 110 Ohio App.3d 115, 118. If, as in this case, the court chooses not to adopt the magistrate's decision, the court may decide to "hear the matter." See Civ.R. 53(D)(4)(b). In any event, the court's decision to set the matter for a trial de novo did not prevent a judgment. Cf. Stewart v.Midwestern Indemn. Co. (1989), 45 Ohio St.3d 124, syllabus ("A trial court order which vacates an arbitration award and orders the parties to select new arbitrators and to conduct a new arbitration proceeding is not a "final appealable order' as defined in R.C. 2505.02.").
We therefore find we lack a final, appealable order because the court's decision to conduct a trial de novo on the issues neither determined the action, nor did the magistrate's decision constitute a judgment that the court's trial order vacated or prevented. Defendant's App.R. 23 motion for sanctions for filing a frivolous appeal is denied.
Appeal dismissed; motion (#95756) for sanctions denied.
It is) therefore, ordered that appellee recover of appellant its costs herein taxed.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. MCMONAGLE, P.J. PATRICIA A. BLACKMON, J. CONCURS.
 ________________________________ JUDGE JOHN T. PATTON