OPINION
{¶ 1} The Clark County Child Support Enforcement Agency ("CSEA") appeals from the trial court's November 5, 2002, entry overruling its objections to a magistrate's decision concerning appellee William Hennis' child support obligation.
 {¶ 2} The CSEA advances two assignments of error on appeal. First, it contends the trial court erred when it found that an Ohio child support order controls over a conflicting order issued by an Alabama court. Second, it claims the trial court erred when it "failed to find that Ohio does not have subject matter jurisdiction to modify the Alabama order."
 {¶ 3} The present appeal stems from the CSEA's filing of a November 29, 2001, request for registration of an Alabama child support order for enforcement purposes.
 {¶ 4} The Alabama order obligated Mr. Hennis to pay $100 per week for the support of his two children. On January 17, 2002, Mr. Hennis filed a demand for a hearing and asserted various defenses to the registration request. The matter proceeded to a hearing before a magistrate, who purportedly filed a decision on September 3, 2002. Unfortunately, the magistrate's decision was not filed in the trial court,[1] and it has not been provided to us on appeal. Nevertheless, based on a review of the trial court's November 5, 2002, entry and the CSEA's appellate brief, the magistrate appears to have revisited an earlier determination that the Alabama child support order controlled over a later-filed Ohio court order obligating Mr. Hennis to pay only $50 per week for the support of his children. According to CSEA, the magistrate failed to register the Alabama support order and instead ordered a recalculation of child support based on the Ohio order.
 {¶ 5} On September 17, 2002, the CSEA filed objections to the magistrate's decision and asked the trial court "to issue an order that Alabama has the controlling order and continuing exclusive jurisdiction" and to "register the foreign decree here in Clark County for enforcement purposes only." The trial court subsequently filed a November 5, 2002, entry in which it overruled the CSEA's objections. The CSEA then filed the present appeal, advancing the two assignments of error set forth above.
 {¶ 6} Having reviewed the record, we find ourselves unable to address the merits of the CSEA's arguments because the trial court's November 5, 2002, entry is not a final, appealable order. We reach this conclusion for two reasons. First, as we recognized in McClain v.McClain, Champaign App. No. 02CA04, 2002-Ohio-4971, a ruling that merely overrules objections to a magistrate's decision, without also adopting the decision or modifying it and entering judgment thereon, is not final; and we lack jurisdiction to review such a ruling. See alsoBlankenship v. Blankenship, Hocking App. No. 02CA18, 2003-Ohio-4551. Second, the trial court's entry lacks any statement of the relief granted to terminate the matter and to remedy the dispute between the parties. The absence of such language has been held to render a trial court's entry not a final order from which an appeal will lie. Harkai v. ScherbaIndus., Inc. (2000), 136 Ohio App.3d 211, 221; Blankenship, supra, at *3 (Abele, J., concurring).
 {¶ 7} For the foregoing reasons, we hereby dismiss this appeal for lack of a final, appealable order.[2]
WOLFF, J., and YOUNG, J., concur.
[1] The trial court's docket of journal entries does not contain a decision filed by the magistrate. The CSEA has failed to explain the absence of the decision, and Mr. Hennis has not favored us with a brief.
[2] Although the lack of a final, appealable order compels us to dismiss the present appeal, we note that a reversal and remand would be warranted in any event. Even if we could construe the trial court's November 5, 2002, entry as adopting the magistrate's decision and ordering a definite remedy (which it does not), we could not properly evaluate the propriety of the trial court's action because the magistrate's decision was never filed and is not part of the record.