OPINION
{¶ 1} This case is before us on the appeal of Brent Crane, Guardian of the Estate of Bige Teague, Jr., from a trial court decision setting aside a sale and all orders issued after the sale. The case began in July, 2003, when Crane filed a complaint for authority to sell real estate belonging to his ward, Bige Teague, Jr. (Bige), an adult incompetent. Bige's natural children were named as defendants, and included: Bruce Teague, Rodney Teague, Albert Teague, Kevin Teague, David Teague, Leslie Teague, Nancy Hefernan, Maria Schoonover, Sarah Teague, Peter Teague, and Cheryl Hertlein. Sarah Teague was listed on the complaint individually and as the guardian of Kevin Teague. Also named as defendants were Hugh Quill, Treasurer for Montgomery County, Ohio, and Bige Teague, Jr.
 {¶ 2} According to the complaint, Bige owned real estate located at 2820 North Main Street, Dayton, Ohio. The real estate was valued by the Montgomery County Auditor at about $89,420. Crane asked for permission to sell the real estate to support Bige, to pay debts, and to prevent further unavoidable waste of the property.
 {¶ 3} Waivers of service of summons and consent to sell the real estate were filed by Cheryl Hertlein, as guardian of Bige's person, and by Crane, as guardian of Bige's estate. Crane also asked the court to appoint a guardian ad litem for Bige, due to the possibility of an adverse interest. The court complied with this request by appointing Timothy Cline as guardian ad litem. Subsequently, on July 17, 2003, Cline filed an answer and denied all the averments and material allegations of the complaint prejudicial to Bige. Quill also filed an answer in the case on August 1, 2003.
 {¶ 4} Certified mail service of the complaint and summons was perfected on all the remaining defendants except David and Peter Teague. Crane was notified of failure of delivery on David, due to the fact that a forwarding order had expired. David's new address was listed as being located in Alviston, Illinois. Similarly, Crane was notified that the certified mail sent to Peter had been returned, marked, "addressee unknown, return to sender." On January 13, 2004, Crane filed a request for ordinary mail service on David at a Tuscon, Arizona address, and on Peter, at a Huber Heights, Ohio address. A deputy clerk for Probate Court then filed a notice on January 23, 2004, indicating that she that she had sent out notices by ordinary mail to Peter and David and that the United States Postal Service had not returned the notices with an endorsement showing failure of delivery.
 {¶ 5} Subsequently, on March 23, 2004, an entry was filed entitled, "Journal Entry Finding Sale Necessary, Ordering Appraisement Granting Prayer of Complaint." The entry found that all necessary parties were properly before the court and either had filed their answers or had allowed time to expire before filing their answers. The entry also noted that a sale of the estate would be in the ward's best interests. Crane was, therefore, ordered to sell the real estate at a private sale for not less than its appraised value. The court also authorized an appraisal by Bruce Zehner, who was ordered to make return of his written appraisal no later than March 23, 2004.
 {¶ 6} The entry contained a signature line for the probate judge, but a magistrate's name was stamped below the signature line. Although the entry was signed on the line where the judge's name appears, later notations and signatures in the file indicate that the entry was not signed by the probate judge, but was instead signed by the magistrate. This entry was not designated as a magistrate's decision and was also not served on any parties, including either the guardian ad litem or Quill. Notably, these parties had filed answers in the action.
 {¶ 7} Several other documents were filed the same day, including an order of appraisement, a fiduciary's return, an appraiser's return valuing the premises at about $14,000, an appraiser's oath, and an entry entitled, "Journal Entry Approving Appraisement Dispensing with Additional Bond Ordering Sale." The judge's name was crossed off on the journal entry and a magistrate's name was stamped on the entry instead. Again, the entry was signed by the magistrate, not by the judge. The entry states that the court found the appraiser's report in order and approved the report. The entry ordered Crane to sell the property at private sale for no less than the appraised value. Again, this entry was not designated as a magistrate's decision, and was not served on any other party, including the guardian ad litem or Quill. The entry was also never reviewed nor was it ever adopted by the trial court.
 {¶ 8} On the same day (March 23, 2004), the guardian (Crane) filed a return of sale, indicating that he had sold the real estate on March 15, 2004, to Jackie Foster. A copy of the contract was attached to the return of sale. Crane additionally filed a motion on the same day to confirm the sale. Again, Crane did not send these filings to any of the parties.
 {¶ 9} On June 1, 2004, an entry titled "Journal Entry Confirming Sale Ordering Deed" was filed. This document was not designated as a magistrate's decision in the caption, but it was also signed by a magistrate rather than a judge. The entry did say that any party could ask the magistrate to file written findings of fact and conclusions of law. It further said that objections to the magistrate's decision must be filed in writing with the court within fourteen days after the filing date, must be served on all parties, and must be filed with the court. This is the first entry that was served on any of the parties.
 {¶ 10} Subsequently, on June 9, 2004, Crane filed a motion to distribute the proceeds of the sale. This motion was granted the same day by another entry signed by a magistrate. The entry again outlined the procedure for objections. Other documents filed that day include Crane's report of distribution, Crane's acknowledgment of receipt of $4,281.59 in proceeds for the estate, and an entry confirming the report of distribution. This latter entry did not contain language about objections, and none of the documents filed on June 9, 2004, were served on any of the parties. Again, the caption did not identify the entry as a magistrate's decision.
 {¶ 11} On June 14, 2004, Sarah Teague, individually and as guardian of the person of Kevin Teague, filed timely objections to the journal entry confirming the sale and ordering a deed. Teague's objection was that the real estate was not being sold for the best price that could be obtained. In this regard, Teague stressed the significant difference between the appraised price ($14,000) and the tax value ($89,420). She also alleged that other properties in the guardianship had not previously been sold for the best price obtainable.
 {¶ 12} The trial court addressed Teague's objections in an entry filed on June 24, 2004. Although the court acknowledged that the facts in the objections were disturbing, if true, the court felt the issue should have been presented to the magistrate before his decision. Accordingly, the court overruled the objections and adopted the magistrate's decision.
 {¶ 13} No appeal was taken from this entry, but Teague did file a motion to vacate or reconsider on June 30, 2004. In the motion, Teague asked the trial court to vacate or reconsider the entry adopting the magistrate's decision, because of a lack of due process. Teague noted that she did not disagree with the order of sale. However, Teague claimed that neither she nor any other defendant was given notice or an opportunity to be heard on the appraisal, since both the appraisal report and the entry approving the appraisal were filed the same day. Teague also pointed out that the first notice she had received about the sale was the order confirming the sale. Teague stressed that she had objected to that decision in compliance with the magistrate's instructions.
 {¶ 14} On July 29, 2004, the trial court filed an entry setting aside the order of sale and all orders issued thereafter. This decision was based on a finding that default judgment had been improperly granted against Kevin Teague, who was an incompetent. Because this decision affected the sale, as well as the other parties, the court set aside the sale and all orders issued after the sale. Crane then appealed from the July 29, 2004 decision. On appeal, Crane raises the following assignments of error:
 {¶ 15} "I. The trial court erred in granting Appellee's motion to set aside the order of sale because default judgment, filed in favor of Appellant, filed on March 23, 2004, was proper.
 {¶ 16} "II. The trial court erred in treating the motion to vacate entry or reconsider as a motion to set aside the judgment.
 {¶ 17} "III. The trial court erred in not dismissing the motion for failure to join a party.
 {¶ 18} "IV. The trial court erred in granting Appellee's motion to vacate entry or to reconsider because Appellee failed to provide the required bond.
 {¶ 19} "V. The trial court erred in granting Appellee's motion to vacate entry or to reconsider because none of the elements of a Civ. R. 60(B) motion for relief were present."
 {¶ 20} After reviewing the record, we find that we lack jurisdiction over the appeal. Accordingly, this appeal will be dismissed.
 I {¶ 21} Before we can address the assignments of error, we must decide whether a final, appealable order exists. This is a matter we may raise on our own motion, since subject matter jurisdiction cannot be waived, nor can it be bestowed on a court.State ex rel. White v. Cuyahoga Metro. Hous. Auth.,79 Ohio St.3d 543, 544, 1997-Ohio-366, 684 N.E.2d 72. In addition, Crane has raised this issue in his brief. In this regard, Crane contends that Teague should have appealed from the entry overruling the objections to the magistrate's decision instead of filing a motion to reconsider or vacate. The basis for Crane's claim is that the Ohio Rules of Civil Procedure do not allow motions for reconsideration following final judgment. See Pittsv. Ohio Dept. of Transportation (1981), 67 Ohio St.2d 378,423 N.E.2d 1105, at paragraph one of the syllabus.
 {¶ 22} If the entry adopting the magistrate's decision was a final appealable order, Teague should have filed a timely notice of appeal. However, we would only have jurisdiction to consider this issue if the entry vacating the sale was a final appealable order. As a preliminary point, we should note that many documents were labeled as "orders" or entries in the trial court. This does not mean they were actually "orders" or were final for purposes of conferring jurisdiction on an appellate court.
 {¶ 23} Under R.C. 2505.02(B),
 {¶ 24} "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 {¶ 25} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 {¶ 26} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 {¶ 27} "(3) An order that vacates or sets aside a judgment or grants a new trial;
 {¶ 28} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:
 {¶ 29} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 {¶ 30} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, nd parties in the action."
 {¶ 31} Before we address the appealability of specific orders, we should note that the "orders" of the magistrates in this case were ineffective because magistrates do not have the power to enter orders — at least not of the type that were issued. See Brown v. Cummins (1997), 120 Ohio App.3d 554, 555,698 N.E.2d 501 (noting that magistrates do not have the power to enter orders or judgments). Under Loc. R. 86.1(A) of the Court of Common Pleas of Montgomery County, Probate Division, probate magistrates have the powers set forth in Civ. R. 53 and as set forth in any order of reference. Subsection (B) of Loc. R. 86.1 goes on to refer to magistrates "all matters, including pretrials, pertaining to guardianships, trusts, adoptions, civil commitments, and name changes." Subsection (B) also states that the reference includes "all powers of the Court except as restricted by law."
 {¶ 32} One such restriction of law is found in Civ. R. 53. Under Civ. R. 53(C)(3)(a), magistrates have very limited power to enter orders without judicial approval. Such orders include pre-trial matters like discovery orders and temporary orders for spousal or child support under Civ. R. 75(N). In these situations, magistrates may enter an "order." The pretrial order must be identified as a magistrate's order and must be served on all parties or their attorneys. Civ. R. 53(C)(3)(c). When a pre-trial order is entered, Civil Rule 53 allows an appeal to the trial court though a motion to set aside the order. See Civ. R. 53(C)(3)(b).
 {¶ 33} Magistrates may also make decisions in referred matters. Civ. R. 53(E) outlines the proper procedures for such situations, including a requirement that the magistrate prepare,sign, and file a magistrate's decision. The decision is then tobe served by the clerk on all parties or their attorneys. Civ. R. 53(E)(1) (emphasis added). Parties may object to a magistrate's decision within fourteen days, and they may also file a request for findings of fact and conclusions of law under Civ. R. 52. In the latter event, objections may be filed after the magistrate files the findings of fact and conclusions of law. Civ. R. 53(E)(2) and (3).
 {¶ 34} Significantly, Civ. R. 53(E) does not givemagistrates the ability to enter orders or judgments. This is afunction of the judge, not the magistrate. Brown,120 Ohio App.3d at 555. See, also, In re K.K., Summit App. No. 22352, 2005-Ohio-3112, at ¶ 17 (magistrate lacks authority to enter judgments), and Harkai v. Scherba Industries, Inc. (2000),136 Ohio App.3d 211, 217-218, 736 N.E.2d 101 (Rule 53 allows magistrates to sign and file decisions, not judgments).
 {¶ 35} As we noted, the entries or orders signed by magistrates were not designated either as "magistrate's orders" or as magistrate's decisions. The magistrates' decisions were also ineffective to the extent that they contained "orders" rather than findings. For example, the "Journal Entry Finding Sale Necessary, Ordering Appraisement Granting Prayer of Complaint" ordered Crane to sell the real estate belonging to Bige Teague. However, the magistrate did not have the power to order the sale — or to grant "default judgment" on the complaint. The magistrate could make findings, but those findings would be interlocutory and subject to revision by the trial court until such time as the trial court issued its own judgment.
 {¶ 36} Similarly, the "Journal Entry Confirming Sale 
Ordering Deed" ordered and confirmed the sale of the property and ordered distribution of sale proceeds. Again, this entry, signed by a magistrate, is not a final judgment, because the magistrate did not have the power to enter judgment. Only the trial court can do that. The remaining entries in the file that are signed by magistrates lack finality for the same reason.
 {¶ 37} We mention these matters because they relate to the finality of orders and also because the record reflects glaring procedural defects from beginning to end. We have previously expressed concern over the failure of trial courts and magistrates to comply with requirements. See, e.g., Pauley v.Carter, Montgomery App. Nos. 19109, 19238, 2002-Ohio-4337 at ¶ 23. This is not just a concern in our district. Compare Brown,120 Ohio App.3d at 555-556 (a Sixth District Court of Appeals' decision detailing proper procedures to be followed when cases are referred to magistrates). Turning now to entries that could potentially have been appealable, the only entries actually signed by a judge are the "Entry Adopting Magistrate's Decision," and the "Entry Setting All Orders Aside." As we noted, Crane claims that reconsideration of the entry adopting the magistrate's decision was improper because Teague should have appealed. However, this entry was not a final appealable order.
 {¶ 38} Under Civ. R. 53(E)(4), one of three scenarios occurs after a magistrate's decision: (1) absent objections, the court may adopt the decision if no errors of law or other defects appear on the face of the decision; (2) if objections are filed, the court considers the objections and may adopt, reject, or modify the decision, hear additional evidence, recommit the matter to the magistrate, or hear the matter; or (3) the court may immediately adopt the decision and enter judgment without waiting for objections, but the filing of timely objections automatically stays execution of the judgment until the court disposes of the objections and vacates, modifies or adheres to the judgment already entered. Under the third scenario, the trial court may also enter interim orders that are not subject to an automatic stay. These interim orders are only effective for a brief period of time.
 {¶ 39} The present case involves the second situation, i.e., the trial court overruled the objections and adopted the decision of the magistrate. However, that was not sufficient to terminate the action. No matter which option is followed under Civ. R. 53(E), the trial court must enter judgment, granting relief. Various districts, including our own, have held that a final judgment does not exist where the trial court fails to both adopt the magistrate's decision and enter judgment stating the relief to be afforded. Hennis v. Hennis, Clark App. No. 2002-CA-107, 2003-Ohio-5729, at ¶ 6; White v. White, Gallia App. No. 01CA12, 2002-Ohio-6304, at ¶ 14-15; Mahlerwein v. Mahlerwein,160 Ohio App.3d 564, 2005-Ohio-1835, 828 N.E.2d 153, at ¶ 20; Lowe v.Phillips, Montgomery App. No. 20590, 2005-Ohio-2514, at ¶ 13; and Harkai, 136 Ohio App.3d at 216-18. The reason for this is that orders are not court orders unless certain formalities are met. Harkai, 136 Ohio App.3d at 217. In addition, only judges, not magistrates, may terminate claims or actions by entering judgment. Id. at 218. See, also, Brown, 120 Ohio App.3d at 555.
 {¶ 40} Accordingly, the entry of June 24, 2004, adopting the magistrate's decision, was not a final order and Teague was not required to file a notice of appeal from that order. This also means that the motion for reconsideration was proper, since the entry adopting the decision was interlocutory. See, e.g.,Mahlerwein, 160 Ohio App.3d at 572 ("interlocutory orders are subject to change and may be reconsidered upon the court's own motion or that of a party").
 {¶ 41} The remaining document that might be considered a final appealable order in this case is the entry of July 29, 2004, which set aside the sale of the property and all orders issued after the sale. This entry was signed by the judge, and, therefore, did not suffer from the same infirmity as the magistrates' orders and decisions. Because the entry was a judgment of the court, and vacated a judgment, it would normally be a final appealable order. R.C. 2505.02(B)(3). However, because the order of sale was interlocutory, there was no judgment that was actually being vacated. As we said, there were no final "judgments" in the case in connection with the sale, since magistrates do not have the power to enter judgment. Consequently, the case is in the same posture that any action occupies before trial or some other final adjudication. At such time as a final judgment does occur, the complaining party will be able to obtain appropriate relief on appeal.
 {¶ 42} Accordingly, the appeal is dismissed for lack of a final appealable order.
Wolff, J., and Fain, J., concur.