**In re ESTATE OF BISHOP.**

[Cite as *In re Estate of Bishop*, 165 Ohio App.3d 761, 2006-Ohio-1252.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 20984.

Decided March 17, 2006.

Worrell A. Reid, for appellee.

Ronald P. Friedberg, for appellant.

VALEN, Judge.

{¶ 1} American States Insurance Company ("American") appeals from a judgment of the Montgomery County Court of Common Pleas, Probate Division, which found that its request for findings of fact and conclusions of law was untimely and denied the request on that basis.

{¶ 2} In April 2004, we reversed a judgment of the probate court that had entered summary judgment in favor of American and against Worrell A. Reid, the administrator of the estate of Anna Bell Bishop. The probate court had previously concluded that the estate could not collect on a fiduciary bond issued by American's predecessor in interest on behalf of a prior administrator of the estate, who had died without accounting for more than $36,000 in estate assets. The probate court had ruled that the estate's action was barred by the statute of limitations. We reversed the judgment and remanded the cause for further proceedings. *In re Estate of Bishop*, Montgomery App. No. 20102, 2004-Ohio-2197, 2004 WL 917693.

{¶ 3} Following our reversal, the magistrate considered stipulated facts and trial briefs. The parties agreed that the damages, if allowed, would be at least the amount of the bond, which was $18,000. On January 12, 2005, the magistrate

found American liable for $18,000. The probate court adopted this finding the next day. Counsel for American received the magistrate's decision on January 14, 2005, and received the probate court's judgment on January 17, 2005.

{¶ 4} On January 19, 2005, American sent a request for findings of fact and conclusions of law to the court by overnight mail. It is undisputed that the request arrived at the court the next day, January 20, but because of a problem with the filing fee,[1] the request was not filed until January 31, after American sent a replacement check. On February 22, the probate court overruled the request for findings of facts and conclusions of law on the basis that the request had been untimely.

{¶ 5} American focuses its argument on its position that the probate court "lost or misplaced the check for the filing fee," causing the filing to be delayed. It concludes that under these circumstances, the court, rather than American, should bear the responsibility for the delayed filing. We frame the issue differently and, in doing so, we resolve the issue in a manner that does not require a determination as to fault for the misplaced check.

{¶ 6} Pursuant to Civ.R. 52, the parties were entitled to request findings of fact and conclusions of law not later than seven days after receiving notice of the court's announcement of its decision. See, also, Civ.R. 53(E)(2). Civ.R. 52 refers to the "judgment," and a magistrate does not have the authority to issue a judgment. See *Harkai v. Scherba Industries, Inc.* (2000), 136 Ohio App.3d 211, 217–218, 736 N.E.2d 101; *Brown v. Cummins* (1997), 120 Ohio App.3d 554, 555, 698 N.E.2d 501; *Crane v. Teague,* Montgomery App. No 20684, 2005-Ohio-5782, 2005 WL 2852034, at ¶ 34; *In re K.K.,* Summit App. No. 22352, 2005-Ohio-3112, 2005 WL 1460317, at ¶ 17. "Whereas Civ.R. 53(C)(2) permits magistrates to enter certain interlocutory orders that 'regulate [the] proceedings,' Civ.R. 53(E)(1) permits a magistrate only to 'prepare, sign, and file a magistrate's *decision,*' not a 'judgment.'" *Harkai,* 136 Ohio App.3d at 218, 736 N.E.2d 101. Therefore, the seven days must run from the date that the trial court adopts the magistrate's decision, rather than from the date of the decision itself.

{¶ 7} The probate court adopted the magistrate's recommendation on January 13, 2005, and American received the court's judgment on January 17, 2005. Pursuant to Civ.R. 52, American had until "not later than seven days" after receiving notice of the court's decision to request findings of fact. American's request for findings of fact and conclusions of law arrived at the court on January 20. Thus, American's request was received by the court within seven days, as required by Civ.R. 52, and was timely.

---

1. The probate court appears to take the position that the filing fee was missing, whereas American claims that the clerk lost or misplaced the check.

{¶ 8} In failing to file American's request for findings of fact and conclusions of law, the probate court apparently took the position that it was not required to accept a filing if the appropriate filing fee had not been provided. However, the court's judgment did not point to any authority for such a position, and we are aware of none. Indeed, our review of the Montgomery County Court of Common Pleas Rules of the Probate Division does not reveal such a requirement. Loc.R. 58.1 of the Montgomery County Probate Rules states:

{¶ 9} "(A) Deposits shall be required upon the initial filing of any action or proceeding. The deposit shall be applied as filings occur and additional deposits may be required. The Court shall maintain and make available a current list of costs.

{¶ 10} "(B) A minimum deposit of $25.00 shall be maintained in all pending estates, guardianships of estates, trusts and civil matters pending before this court. The Court may order additional deposits."

{¶ 11} These provisions do not put parties on notice that the court will not accept filings that are not accompanied by the appropriate fee, with the exception of the initial filing. We express no opinion as to whether a rule barring all filings without payment of the appropriate fee would be allowable. However, in this case, we are of the view that the probate court was not permitted to reject a proffered filing on the basis of the party's failure to pay a fee, thereby making the filing untimely and precluding the pursuit of legal relief. Accordingly, American's request for findings of fact and conclusions of law should have been recorded by the clerk on January 20, 2005, when it would have been timely.

{¶ 12} The assignment of error is sustained.

{¶ 13} The probate court's judgment is reversed, and the matter is remanded for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

BROGAN and FAIN, JJ., concur.

ANTHONY VALEN, J., retired, of the Twelfth Appellate District, sitting by assignment.