OPINION
{¶ 1} This case was originally filed by Plaintiffs-Appellants, Thomas and Joanne Ingledue on June 2, 2004. Appellants claimed that the Defendant-appellee, Premier Siding Roofing, Inc., breached a contract to provide roofing and siding repair services to the appellants' property located at Westerville, Ohio, by painting the cedar siding instead of staining it and in the process ruining the cedar siding. In addition, it was alleged that the appellee negligently performed other services related to the siding repair. The appellee filed a counterclaim for the remaining money owed on the contract, approximately $6,000.00 plus interest.
 {¶ 2} On April 11, 2005 appellants waived their request for a jury trial. On July 8, 2005 the Court filed an Entry of Reference, referring the case to the Magistrate for a bench trial and decision pursuant to Civil Rule 53. On August 4, 2005 the case was tried to the Magistrate. On October 4, 2005 the Magistrate issued findings of fact and conclusions of law and a decision.
 {¶ 3} The Magistrate found in favor of the appellee on their counterclaim and awarded damages in the amount of the unpaid contract of $6,000.00. In addition, the Magistrate awarded interest of 2% per month on the outstanding balance from November 8, 2003. However, in calculating the total damages, the Magistrate awarded the interest for past damages twice.
 {¶ 4} On October 18, 2005 appellants filed an Objection to the Magistrate's decision specifically objecting to the Magistrate's calculation of damages. Appellants did not request a transcript of the proceedings at that time. On November 2, 2005 the Magistrate filed an Amended Magistrate's Decision correcting the damages calculation of the original decision. On November 4, 2005 appellants withdrew their objection to the Magistrate's original decision. On November 16, 2005 Appellants filed specific objections to the Magistrate's Decision and filed a request for a transcript of the proceedings before the magistrate.
 {¶ 5} On December 5, 2005 the Trial Court filed its Judgment Entry denying the appellants' re-filed objections. The Court determined that the appellants failed to provide a transcript as previously required under the original Objections and that appellants waived any further Objections on November 4, 2005 when appellants withdrew their original objection.
 {¶ 6} A timely Notice of Appeal was filed from the Trial Court's Judgment Entry, raising the following assignment of error for our consideration:
 {¶ 7} "THE TRIAL COURT ERRED IN DENYING THE PLAINTIFFS' OBJECTIONS TO THE MAGISTRATE'S DECISION FILED WITHIN 14 DAYS OF THE FILING OF THE MAGISTRATE'S AMENDMENT TO THE ORIGINAL DECISION ON THE BASIS THAT SUCH OBJECTIONS WERE NOT TIMELY FILED AND THAT PLAINTIFFS' FAILED TO PROVIDE A TRANSCRIPT OF THE PROCEEDINGS. (JUDGMENT ENTRY FILED DECEMBER 5, 2005)."
 I. {¶ 8} At the outset, this court must determine whether the trial court's decision is a final, appealable order which vests this court with jurisdiction. Although not an issue raised by either party, this court must address, sua sponte, whether there is a final appealable order ripe for review. State ex rel. Whitevs. Cuyahoga Metro. Hous. Aut., 79 Ohio St. 3d 543, 544, 1997-Ohio-366, 684 N.E. 2d 72.
 {¶ 9} Appellate courts have jurisdiction to review the final orders or judgments of lower courts within their appellate districts. Section 3 (B) (2), Article IV, Ohio Constitution. If a lower court's order is not final, then an appellate court does not have jurisdiction to review the matter and the matter must be dismissed. General Acc. Ins. Co. vs. Insurance of North America
(1989), 44 Ohio St. 3d 17, 20, 540 N.E. 2d 266; Harris v.Conrad (June 17, 2002), 12th Dist. No. CA-2001-12 108. For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and if applicable, Civ. R. 54 (B).Denham v. New Carlisle (1999), 86 Ohio St. 3d 594, 596,716 N.E. 2d 184; Ferraro v. B.F. Goodrich Co. (2002),149 Ohio App. 3d 301, 2002-Ohio-4398, 777 N.E. 2d 282.
 {¶ 10} R.C. 2505.02 (B) (1) provides an order: "[t]hat affects a substantial right in an action that in effect determines the action and prevents a judgment" is final and appealable. Civ. R. 54 (B) provides in relevant part: "When more than one claim for relief is presented in an action * * * whether arising out of the same or separate transactions, * * * the court may enter final judgment as to one or more but fewer than all the claims * * * only upon expressed determination that there is no just cause for delay."
 {¶ 11} "Under Civ. R. 53(E)(4), one of three scenarios occurs after a magistrate's decision: (1) absent objections, the court may adopt the decision if no errors of law or other defects appear on the face of the decision; (2) if objections are filed, the court considers the objections and may adopt, reject, or modify the decision, hear additional evidence, recommit the matter to the magistrate, or hear the matter; or (3) the court may immediately adopt the decision and enter judgment without waiting for objections, but the filing of timely objections automatically stays execution of the judgment until the court disposes of the objections and vacates, modifies or adheres to the judgment already entered. Under the third scenario, the trial court may also enter interim orders that are not subject to an automatic stay. These interim orders are only effective for a brief period of time". Crane v. Teague, 2nd Dist. No. 20684,2005-Ohio-5782 at ¶ 38. Therefore, a magistrate's decision is interlocutory. Interlocutory orders are subject to change and may be reconsidered upon the court's own motion or that of a party. See Pitts v. Dept. of Transp. (1981), 67 Ohio St.2d 378,423 N.E.2d 1105, fn. 1. Furthermore, a magistrate's decision remains interlocutory, even if adopted by the court, unless and until the court enters a final order that determines all the claims for relief in the action or determines that there is no just reason for delay. See Civ.R. 54(B). Mahlerwein v. Mahlerwein (2005),160 Ohio App.3d 564, 572, 2005-Ohio-1835 at ¶ 20, 828 N.E.2d 153, 158-59.
 {¶ 12} A finding of "no just reason for delay" pursuant to Civ.R. 54(B), does not make appealable an otherwise non-appealable order. McCabe/Marra Co. v. Dover (1995),100 Ohio App.3d 139, 160, 652 N.E.2d 236, 249; Cassim v. Cassim
(1994), 98 Ohio App.3d 576, 579, 649 N.E.2d 28, 30; Palmer v.Westmeyer (1988), 48 Ohio App.3d 296, 302, 549 N.E.2d 1202,1209.
 {¶ 13} "[A] final judgment does not exist where the trial court fails to both adopt the magistrate's decision and enter judgment stating the relief to be afforded. Hennis v. Hennis,
Clark App. No. 2002-CA-107, 2003-Ohio-5729, at ¶ 6; White v.White, Gallia App. No. 01CA12, 2002-Ohio-6304, at ¶ 14-15;Mahlerwein v. Mahlerwein, 160 Ohio App.3d 564, 2005-Ohio-1835, 828 N.E.2d 153, at ¶ 20; Lowe v. Phillips, Montgomery App. No. 20590, 2005-Ohio-2514, at ¶ 13; and Harkai,136 Ohio App.3d at 216-18, 736 N.E.2d 101. The reason for this is that orders are not court orders unless certain formalities are met. Harkai,136 Ohio App.3d at 217, 736 N.E.2d 101. In addition, only judges, not magistrates, may terminate claims or actions by entering judgment. Id. at 218, 736 N.E.2d 101. See, also, Brown,120 Ohio App.3d at 555, 698 N.E.2d 501". Crane v. Teague, supra, at ¶ 39.
 {¶ 14} In the case at bar, the trial court failed to both adopt the magistrate's decision and enter judgment stating the relief to be afforded.
 {¶ 15} Accordingly, the December 5, 2005 Judgment Entry denying appellant's re-filed objections is not a final appealable order. Accordingly this court lacks jurisdiction to rule on the assignment of error presented by appellant. As the magistrate's decision has not yet been adopted by the trial court it remains an interlocutory order and may be reconsidered upon the court's own motion or that of a party.
 {¶ 16} We would note that as this case must be returned to the trial court, the trial court can review the record, the appellants' objections, hear additional evidence, recommit the matter to the magistrate with instructions, or hear the matter in determining whether to adopt, reject or modify the magistrate's decision. See, Civ. R. 53(E) (4) (b). "Such a result comports with the purpose of the Civil Rules. `The spirit of the Civil Rules is the resolution of cases upon their merits, not upon pleading deficiencies.' Peterson v. Teodosio (1973),34 Ohio St.2d 161, 175, 297 N.E.2d 113 [63 O.O.2d 262, 269]. Decisions on the merits should not be avoided on the basis of mere technicalities; pleading is not `"a game of skill in which one misstep by counsel may be decisive to the outcome * * * [rather] the purpose of pleading is to facilitate a proper decision on the merits." Conley v. Gibson, 355 U.S. 41, 48 [78 S.Ct. 99, 103,2 L.Ed.2d 80].' Forman v. Davis (1962), 371 U.S. 178, 181-182
[83 S.Ct. 227, 229-230, 9 L.Ed.2d 222]." Hardesty v. Cabotage
(1982), 1 Ohio St.3d 114, 438 N.E.2d 431; Baker v. Mcknight
(1983), 4 Ohio St.3d 125, 129, 447 N.E.2d 104, 107.
 {¶ 17} Accordingly, the instant appeal is dismissed for want of jurisdiction.
By Gwin, J., Wise, P.J., and Hoffman, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the instant appeal is dismissed for want of jurisdiction. Costs to appellants.