[Cite as *State v. Palo*, 2015-Ohio-5212.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**ASHTABULA COUNTY, OHIO**


| | | |
|---|---|---|
| STATE OF OHIO, VILLAGE OF NORTH KINGSVILLE, | : | **O P I N I O N** |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | **CASE NO. 2015-A-0001** |
| - vs - | : | |
| RICHARD C. PALO, | : | |
| Defendant-Appellant. | : | |
| | : | |


Criminal Appeal from the Ashtabula County Court, Eastern District, Case No. 2014TRD01077 E.

Judgment: Affirmed.


*Daniel L. Madden,* Village of North Kingsville Solicitor, P.O. Box 18, Kingsville, OH 44048 (For Plaintiff-Appellee).

*Richard C. Palo,* pro se, 268 State Street, Conneaut, OH 44030 (Defendant-Appellant).


CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Richard Palo, appeals from the judgment of the Ashtabula County Court, Eastern District, finding him guilty of speeding in violation of Section 333.03 of the Codified Ordinances of the Village of North Kingsville. We affirm.

{¶2} On June 27, 2014, at 3:28 p.m., appellant was stopped and cited for traveling 65 m.p.h. in a 50 m.p.h. zone. He waived his right to a speedy trial on the

pending citation and the matter was transferred from the Mayor's Court to the Ashtabula County Court, Eastern District, in Jefferson, Ohio. Appellant filed several pretrial motions, which the Village Solicitor asserts were never served upon him. The matter was tried and appellant was found guilty. He filed a timely notice of appeal and assigns three errors for our review. Appellant's first assignment of error provides:

{¶3} "The trial court erred to the prejudice of the appellant when it did not dismiss [the] charging instrument because defendant did not have real notice of the nature of what constitutes a violation of speed limit law as guaranteed by the Ohio and United States Constitution since the alleged speed limit was raised by state of Ohio on state route(s) legislature [sic]."

{¶4} Appellant's argument is not entirely clear. He is not, however, arguing the complaint in this matter failed to advise him of the nature of his violation. Instead, he appears to assert that because the speed limit was increased to 70 m.p.h. on certain Ohio roadways, he was not on notice of the actual speed limit of the roadway on which he was traveling when he was cited. We fail to see how these two issues are related.

{¶5} Preliminarily, appellant did not provide a transcript of the proceeding. Appellant bears the burden of demonstrating errors on appeal. *Niles v. Yeager*, 11th Dist. Trumbull No. 2004-T-0004, 2004-Ohio-6698, ¶9. That is, "[a]n appellant has a duty to exemplify any alleged errors by reference to matters in the record, and that duty is discharged by the filing of a verbatim transcript, a narrative statement of the evidence as provided in App.R. 9(C), or an agreed statement of the record filed pursuant to App.R. 9(D)." *In re Price*, 12th Dist. Butler Nos. CA2001-02-35 and CA-2001-04-085, 2002 Ohio App. LEXIS 1349, *4 (Mar. 25, 2002). Because appellant failed to file a

2

transcript or a suitable alternative to demonstrate the alleged error, we must therefore presume regularity. *Yeager, supra.*

{¶6} Appellant's argument suggests he did not have notice of the actual speed limit. Appellant, however, failed to produce a record to support his assignment of error. We consequently have no way of knowing what evidence was adduced at trial to support the state's case. Without a transcript to evaluate the evidence, we must presume regularity in the underlying proceedings.

{¶7} Appellant's first assignment of error is without merit.

{¶8} Appellant's second assignment of error provides:

{¶9} "The trial court committed prejudicial error when it did not give appellant a trial by jury as guaranteed to by the Seventh Amendment of the United States Constitution, Ohio Constitution Art. I, Sec. 10 et seq as he had moved the trial court for same or to dismiss the charges." (Sic. throughout).

{¶10} As discussed above, appellant has the burden of establishing error. Speeding is generally a minor misdemeanor. There is nothing in the record to indicate the instant charge was elevated beyond a minor misdemeanor and appellant failed to provide any basis for this court to so conclude. We must therefore presume appellant's charge was a minor misdemeanor to which, in Ohio, a party is entitled to a bench trial, but has no right to a trial by jury. *See State v. Zaken*, 11th Dist. Ashtabula No. 2006-A-0036, 2007-Ohio-2306, ¶38.

{¶11} Appellant's second assignment of error lacks merit.

{¶12} Appellant's third assignment of error provides:

3

{¶13} "The trial court committed prejudicial error when it did not grant motion to dismiss for discovery violations for state –(p) not providing requested discovery under rule 16, witness list, list of expert(s) and/or motion to dismiss charging instrument if state does not produce same creating insufficient evidence as a matter of law to convict the defendant-appellant of all the 'essential elements of the crime had been provide beyond a reasonable doubt.' See *State v. Jenks*, (1991), 61 Ohio St.3d 259" (Sic. throughout.)

{¶14} First of all, appellee notes that he did not receive appellant's motion for discovery, filed on September 24, 2014. The motion does bear a certificate of service; it is not, however, specifically directed to the Village Solicitor by name or title. Moreover, it does not include the Village Solicitor's proper address. Crim.R. 16(B) requires a written request for discovery to be received by the responding party. To the extent the Village Solicitor did not receive the request, an assertion appellant has failed to either argue against or rebut, the solicitor was not obligated to respond. For this reason alone, appellant's argument is without merit.

{¶15} Furthermore, after appellant filed his motion for discovery, he filed a motion to dismiss based upon the state's alleged failure to comply with the request. Some two weeks later, on October 6, 2014, he filed a motion to continue the trial or, in the alternative, dismiss the matter for the state's alleged discovery violations. The trial court granted the motion to continue, but did not speak to the alleged discovery violation. Without a complete record, we have no way of knowing whether the issue was addressed at trial or whether informal discovery proceeded. Even though the trial court did not expressly address the discovery issue in its order, we may presume, under these circumstances, regularity of the proceedings.

4

{¶16} Finally, in his brief, appellant seems to also contest the manner in which the state attempted to prove its case. For instance, he challenges the citing officer's alleged lack of qualification to testify to the accuracy of the radar gun. As discussed above, without a transcript, we cannot evaluate the substantive merit of the evidence adduced at trial. We must presume regularity and, as such, we presume the state met its burden of production and persuasion.

{¶17} Appellant's final assignment of error is without merit.

{¶18} For the reasons discussed in this opinion, the judgment of the Ashtabula County Court, Eastern District is affirmed.


TIMOTHY P. CANNON, P.J.,

THOMAS R. WRIGHT, J.,

concur.