[Cite as *State v. Yenyo*, 2018-Ohio-5187.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2018-A-0017** |
| JEFFERY M. YENYO, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Ashtabula Municipal Court, Case No. 18 TRC 00003.

Judgment:  Appeal dismissed.

*Lori B. Lamer*, Assistant Ashtabula City Solicitor, Ashtabula Municipal Court, 110 West 44th Street, Ashtabula, OH  44004 (For Plaintiff-Appellee).

*Malcolm Stewart Douglas*, 113 North Chestnut Street, Jefferson, OH  44047 (For Defendant-Appellant).

THOMAS R. WRIGHT, P.J.

{¶1}    Appellant, Jeffery M. Yenyo, appeals the trial court's decision purporting to both vacate and overrule a magistrate's decision sentencing him for driving under the influence and reckless operation.  The appealed decision is signed by Judge Laura DiGiacomo and designates David C. Sheldon as a magistrate.  At issue is whether Sheldon was serving in his capacity as a magistrate or acting judge.

**{¶2}** Appellant was cited for driving while intoxicated and reckless operation. He appeared before Sheldon, entered pleas to both charges, was found guilty, and sentenced.

**{¶3}** On the same day Sheldon signed the form sentencing entry as "JUDGE," Judge DiGiacomo, in a separate judgment on the bottom margin of the form, both vacated and overruled the sentence. In so doing, Judge DiGiacomo deemed Sheldon's decision as a "Magistrate's Decision," crossed out the word "JUDGE" and wrote "Mag" next to Sheldon's signature. One day later, Judge DiGiacomo granted the state's motion to dismiss the entire case without prejudice.

**{¶4}** In appealing Judge DiGiacomo's order vacating and overruling, appellant assigns the following as error:

**{¶5}** "The Trial Court committed reversible error by 'overruling' a Judgment Entry of plea/sentence and conviction which was not otherwise defective on its face, and vacating Defendant-Appellant's Judgment of pleas and sentence."

**{¶6}** Disposition depends upon whether Sheldon was serving as a court magistrate or acting judge when he rendered decision. If serving as a magistrate, his decision had no effect until rejected or approved by Judge DiGiacomo. A magistrate can accept pleas, make findings of guilt or innocence, and recommend a penalty in a misdemeanor case. Crim.R. 19(C)(1)(c)(ii). *See also* Traf.R. 14(A). However, a "magistrate's decision is not effective unless adopted by the court." Crim.R. 19(D)(4)(a).

**{¶7}** In her judgment vacating and overruling, Judge DiGiacomo deems Sheldon's entry to be a magistrate's decision. Of record, there is no judgment entry appointing Sheldon as the acting judge.

2

**{¶8}** On appeal, the appellant has the burden of establishing the alleged error by reference to matters in the record. *State v. Palo*, 11th Dist. Ashtabula No. 2015-A-0001, 2015-Ohio-5212, ¶5. Here, appellant cannot sustain this burden as to Sheldon's status. Accordingly, we presume the regularity of proceedings. *See State v. Belknap*, 11th Dist. Portage No. 2002-P-0021, 2004-Ohio-5636, ¶18.

**{¶9}** In light of this presumption, Sheldon's entry was not a final sentencing judgment, but rather an unadopted magistrate's decision. Because Sheldon's decision was not a final order, *Atlas America, Inc. v. Fano*, 11th Dist. Portage No. 2008-P-0093, 2008-Ohio-6561, ¶4, quoting *Ingledue v. Premier Siding & Roofing, Inc.*, 5th Dist. No. 2005CAE120088, 2006-Ohio-2698, ¶11-12, Judge DiGiacomo's judgment vacating and overruling is interlocutory, not final and appealable. *Fleenor v. Caudill*, 4th Dist. Scioto No. 03CA2886, 2003-Ohio-6513, ¶13.

**{¶10}** Given the lack of a final appealable order, this court lacks jurisdiction to address appellant's arguments.

**{¶11}** Appeal dismissed.


TIMOTHY P. CANNON, J.,

COLLEEN MARY O'TOOLE, J.,

concur.