BARKER, Appellant,

v.

BARKER, Appellee.

[Cite as *Barker v. Barker* (1997), 118 Ohio App.3d 706.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–96–404.

Decided March 17, 1997.

*Elisabeth S. Ladd* and *Ron L. Rimelspach,* for appellant.

*James S. Nowak,* for appellee.

*Per Curiam.*

This case is before the court on appellant's motion to determine jurisdiction, in which he asks this court to decide whether the order from which this appeal is taken is final and appealable. Also before the court is appellee's "Motion to Dismiss for Lack of Jurisdiction," in which appellee argues that the order appealed from is not final and appealable pursuant to R.C. 2505.02. The appealed order is a judgment of the domestic relations court that was made after

a decision by a magistrate pursuant to Civ.R. 53, which became effective July 1, 1995.

In July 1996, this case was referred by the domestic relations court judge to a magistrate to determine the only remaining issue in the parties' divorce proceeding, namely, allocation of parental rights and responsibilities as to the parties' minor child. A hearing was held before the magistrate, and at the conclusion of the hearing, the magistrate prepared and signed findings of fact, conclusions of law and several "orders." At the end of the magistrate's decision, the magistrate stated:

"That this decision shall be made an interim order effective immediately. Upon the expiration of the interim order period, this order shall become a final order, without further journalization, if objections have not been timely filed."

On November 22, 1996, a document was filed which was entitled "Magistrate's Decision With Judgment Entry and Interim Order." This document, signed by the magistrate and the judge, reads as follows:

"Pursuant to Ohio Civil Rules, the Court has by specific and/or general reference directed that the cause be referred to a Magistrate, which Magistrate has the powers specified in said Ohio Civil Rules.

"This matter was heard on October 7, 1996; * * * upon Motion(s) filed September 1, 1995 and October 10, 1995, and appearances were made by [the parties]. * * * A copy of the Decision of the magistrate and a Judgment Entry with Interim Order were filed on November 22, 1996, with the Clerk of Courts and copies thereof were mailed to the parties and/or their attorneys of record.

"[signed by the magistrate]

"* * *

*"Judgment Entry and Interim Order*

"The court hereby adopts this Magistrate's Decision and incorporates it by reference into this Order.

"The Court enters judgment immediately pursuant to Civil Rule 53(E)(4)(c) because immediate relief is justified. The filing of objections shall not stay this order.

"[signed by the judge]."

On December 23, 1996, appellant, Steven A. Barker, filed a notice of appeal from the November 22, 1996 "Judgment Entry and Interim Order."

In appellant's motion to determine jurisdiction, he states that he is making the motion because he "is not certain whether the Magistrate's Decision, Judgment Entry and Interim Order appealed from is in fact a final, appealable order." He

does not identify the basis of his uncertainty, and this court can only guess that appellant's concerns arise from the fact that the magistrate's decision contains "orders" and from the language in the magistrate's decision that states that "upon the expiration of the interim order period, this order shall become a final order, without further journalization, if objections have not been timely filed." To address these concerns, we must look to Civ.R. 53, which reads:

"(C) Reference and Powers.

"* * *

"(3) Power to enter orders.

"(a) Pretrial orders. Unless otherwise specified in the order of reference, the magistrate may enter orders without judicial approval in pretrial proceedings under Civ.R. 16, in discovery proceedings under Civ.R. 26 to 37, temporary restraining orders under Civ.R. 75(H), in hearings under Civ.R. 75(M), and other orders as necessary to regulate the proceedings.

"(b) Appeal of pretrial orders. Any person may appeal to the court from any order of a magistrate entered under division (C)(3)(a) of this rule by filing a motion to set the order aside, stating the party's objections with particularity. The motion shall be filed no later than ten days after the magistrate's order is entered. The pendency of a motion to set aside does not stay the effectiveness of the magistrate's order unless the magistrate or the court grants a stay.

"* * *

"(e) Form of magistrate's orders. All orders of a magistrate shall be in writing, signed by the magistrate, identified as a magistrate's order in the caption, filed with the clerk, and served on all parties or their attorneys.

"* * *

"(E) Decisions in referred matters. Unless specifically required by the order of reference, a magistrate is not required to prepare any report other than the magistrate's decision. Except as to those matters on which magistrates are permitted to enter orders without judicial approval pursuant to division (C)(3) of this rule, all matters referred to magistrates shall be decided as follows:

"(1) Magistrate's decision. The magistrate promptly shall conduct all proceedings necessary for decision of referred matters. The magistrate shall prepare, sign, and file a magistrate's decision of the referred matter with the clerk, who shall serve copies on all the parties or their attorneys.

"(2) Findings of fact and conclusions of law. If any party makes a request for findings of fact and conclusions of law under Civ.R. 52 or if findings and conclusions are otherwise required by law or by the order of reference, the magistrate's decision shall include findings of fact and conclusions of law. If the

request under Civ.R. 52 is made after the magistrate's decision is filed, the magistrate shall include the findings of fact and conclusions of law in an amended magistrate's decision.

"(3) Objections.

"(a) Time for filing. Within fourteen days of the filing of a magistrate's decision, a party may file written objections to the magistrate's decision. If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed. If a party makes a request for findings of fact and conclusions of law under Civ.R. 52, the time for filing objections begins to run when the magistrate files a decision including findings of fact and conclusions of law.

"(b) Form of objections. Objections shall be specific and state with particularity the grounds of objection. If the parties stipulate in writing that the magistrate's findings of fact shall be final, they may object only to errors of law in the magistrate's decision. Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available. A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule.

"(4) Court's action on magistrate's decision.

"(a) When effective. The magistrate's decision shall be effective when adopted by the court. The court may adopt the magistrate's decision if no written objections are filed unless it determines that there is an error of law or other defect on the face of the magistrate's decision.

"(b) Consideration of objections. Upon consideration of any objections, the court may adopt, reject, or modify the magistrate's decision, hear additional evidence, recommit the matter to the magistrate with instructions, or hear the matter. The court may refuse to consider additional evidence proffered upon objections unless the objecting party demonstrates that with reasonable diligence the party could not have produced that evidence for the magistrate's consideration.

"(c) Permanent and interim orders. The court may adopt a magistrate's decision and enter judgment without waiting for timely objections by the parties, but the filing of timely written objections shall operate as an automatic stay of execution of that judgment until the court disposes of those objections and vacates, modifies, or adheres to the judgment previously entered. The court may make an interim order on the basis of a magistrate's decision without waiting for or ruling on timely objections by the parties where immediate relief is justified. An interim order shall not be subject to the automatic stay caused by the filing of

timely objections. An interim order shall not extend more than twenty-eight days from the date of its entry unless, within that time and for good cause shown, the court extends the interim order for an additional twenty-eight days."

■ In first addressing the concern that the magistrate's decision prepared pursuant to Civ.R. 53(E) contains several "orders," we find that magistrates do not have authority to issue "orders" as part of their decisions under Civ.R. 53(E); the only orders magistrates are authorized to issue are those pursuant to the limited situations set forth in Civ.R. 53(C)(3). A magistrate's decision that contains "orders" is likely to lead to confusion of the parties as to whether they should follow the procedure under Civ.R. 53(C)(3) or 53(E) to challenge the "order" and to confusion as to whether the "order" is immediately appealable. Therefore, it is this court's opinion that a magistrate's decision under Civ.R. 53(E) should not contain any "orders."[1] However, we find that the inclusion of these "orders" in the magistrate's decision does not make that decision a final appealable order.

■ Next we address the second concern regarding the magistrate's statement that "upon the expiration of the interim order period, this order shall become a final order, without further journalization, if objections have not been timely filed" and find that this statement is void since the magistrate has no authority to make this determination. Under Civ.R. 53, once the magistrate prepares a decision, it must be filed with the clerk, who shall serve copies on all parties. The parties may then file objections to the decision pursuant to Civ.R. 53(E)(3). The magistrate's decision becomes effective when it is adopted by the court. Civ.R. 53(E)(4)(a).

Once the magistrate's decision is filed, the court has three options, pursuant to Civ.R. 53(E)(4). First, it may wait until the time for filing objections has passed (fourteen days) and adopt the decision as its permanent order if no objections have been filed and no errors of law appear on the face of the decision. Second, it may adopt the decision right away as the court's permanent order, but in this event timely objections stay both the execution of the order and the time for filing a notice of appeal, App.R. 4(B)(2), until the objections have been ruled on by the court. Third, it may make an interim order based on the magistrate's decision right away where immediate relief is justified, and in this event timely objections do not stay execution of the interim order. However, the interim

---

1. The magistrate's decision states: "Based on these findings, it is ORDERED, ADJUDGED, AND DECREED: The defendant, Janet Barker, is awarded the status of Residential Parent and Legal Custodian * * *." This court suggests a language change that omits the phrase "ordered, adjudged and decreed." For example, the magistrate's decision could state: "Based on these findings, it is the decision of the magistrate that: The defendant, Janet Barker, is awarded the status of Residential Parent and Legal Custodian * * *." .

order expires within twenty-eight days, which may be extended for one additional twenty-eight-day period by the court. At the end of the interim order period the order expires, and the court must enter its permanent judgment.

There is nothing in Civ.R. 53 that authorizes a magistrate to decide whether the court will issue a permanent or interim order based on the magistrate's decision. Therefore, we find the magistrate's statement that "upon the expiration of the interim order period, this order shall become a final order, without further journalization, if objections have not been timely filed" to be of no force and effect, and it therefore does not make the November 22, 1996 judgment final and appealable.

We feel compelled to note, however, that even if the magistrate were empowered to make the decision of whether the order will be "permanent" or "interim," the language used by the magistrate in this case is not consistent with the dictates of Civ.R. 53. As stated above, an interim order is valid only for a limited time, and a statement that "upon expiration of the interim order period, this order * * * shall become a final order, without further journalization, if objections are not filed" does not give the parties proper notice as to when the order is final and the thirty-day time period in which an appeal may be filed begins to run. We reiterate, in the event that the court enters an interim order, that the court must sign and have entered on the journal a permanent order when the interim order expires. A statement that an interim order somehow becomes a permanent order after a certain length of time passes is not adequate notice to any party that a permanent order has been rendered and does not comply with Civ.R. 58, which states:

"(A) Preparation; entry; effect. Subject to the provisions of Rule 54(B), upon a general verdict of a jury, upon a decision announced, or upon the determination of a periodic payment plan, the court shall promptly cause the judgment to be prepared and, the court having signed it, the clerk shall thereupon enter it upon the journal. A judgment is effective only when entered by the clerk upon the journal.

"(B) Notice of filing. When the court signs a judgment, the court shall endorse thereon a direction to the clerk to serve upon all parties not in default for failure to appear notice of the judgment and its date of entry upon the journal. Within three days of entering the judgment upon the journal, the clerk shall serve the parties in a manner prescribed by Civ.R. 5(B) and note the service in the appearance docket. Upon serving the notice and notation of the service in the appearance docket, the service is complete. The failure of the clerk to serve notice does not affect the validity of the judgment or the running of the time for appeal except as provided in App.R. 4(A)."

■ Having disposed of the two concerns about the magistrate's decision and determined that neither of them renders the decision final and appealable, we need to look at the actual judgment entered by the court in this case on November 22, 1996. The judgment states:

*"Judgment Entry and Interim Order*

"The court hereby adopts this Magistrate's Decision and incorporates it by reference into this Order.

■ "The Court enters judgment immediately pursuant to · Civil Rule 53(E)(4)(c) because immediate relief is justified. The filing of objections shall not stay this order." [2]

The court, therefore, entered an "interim order" pursuant to Civ.R. 54(E)(4)(c), which is valid for only twenty-eight days. By definition, an interim order which expires automatically is not a "final" order since it does not "prevent a judgment" as required by R.C. 2505.02's definition of final orders.

■ This court does not have jurisdiction over appeals taken from nonfinal orders. "Courts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district * * *." Section 3(B)(2), Article IV, Ohio Constitution. Since the judge's interim order is not a final order, we have no jurisdiction to hear this appeal.

Accordingly, appellee's motion to dismiss is found well taken, and it is granted. It is ordered that this appeal is dismissed at appellant's costs.

*Judgment affirmed.*

MELVIN L. RESNICK, P.J., HANDWORK and KNEPPER, JJ., concur.

---

2. It would be clearer if the court stated that it "enters an *interim* judgment immediately * * * because immediate relief is justified." This would perhaps clear up some of the uncertainty as to the finality of the judgment.