Plaintiff-appellant Deborah LeFever appeals from the Civ.R. 12(B)(6) dismissal of her complaint for negligence and wrongful discharge against her former employer, defendant-appellee Cornnuts, Inc. LeFever alleges that the trial court erred in dismissing her complaint, and in failing to give her adequate time to file a objections to the magistrate's decision before adopting it.
We conclude that the order from which LeFever is appealing is not a final appealable order. Accordingly, this appeal isDismissed.
 I
On March 6, 1998, LeFever filed a three-count complaint against Cornnuts in the Champaign County Common Pleas Court. In Count I, LeFever charged Cornnuts with negligence and intentional misconduct in creating and failing to correct the conditions which caused her to develop "severe breathing problems," including a "severe asthmatic condition." In Count II, LeFever charged Cornnuts with failing to make reasonable accommodations for her severe breathing problems in violation of R.C. 4112.02, et seq. Finally, in Count III, LeFever alleged that Cornnut's policy of discharging any employee who misses work for six months violates public policy, therefore falling within an exception to the employment-at-will doctrine.
Cornnuts filed a Motion to Dismiss for Failure to State a Claim pursuant to Civ.R. 12(B)(6).
The matter was referred to a magistrate, who recommended that all three counts be dismissed upon the ground that they failed to state a claim for which relief could be granted.
In its July 17, 1998 Journal Entry, which contained the phrase "Final Appealable Orders" in its caption, the trial court adopted the magistrate's decision, stating as follows:
 The Court approves the decision of the Magistrate filed this date and makes these Court orders.
 Under the authority of Civil Rule 53, the Court finds immediate relief is justified in this case, and this interim order shall not be subject to a stay because of an objection.
(Emphasis added.)
Additionally, LeFever was sent a notice pursuant to Civ. R. 58, informing her that a final appealable order had been filed and journalized in her case.
LeFever now appeals from the interim order contained in the trial court's July 17, 1998 Journal Entry, labeled "Final Appealable Orders."
 II
LeFever's First, Second, and Third Assignments of Error state:
 THE MAGISTRATE COMMITTED PREJUDICIAL ERROR WHEN THE STANDARD OF REVIEW UTILIZED PURSUANT TO OHIO CIVIL RULE 12(B)(6) WAS MISAPPLIED TO THE FACTS OF THIS CASE.
 THE MAGISTRATE COMMITTED PREJUDICIAL ERROR BY FINDING THAT PLAINTIFF'S COMPLAINT FAILED TO IDENTIFY A PUBLIC POLICY PROHIBITING DISCHARGE WHEN THE LAW RECOGNIZES THAT EMPLOYEES WHO DO NOT AVAIL THEMSELVES OF A STATUTORY REMEDY ARE NONETHELESS ALLOWED TO RAISE A CLAIM CITING THE PUBLIC POLICY EXCEPTION TO THE EMPLOYMENT AT WILL DOCTRINE.
 THE COURT COMMITTED PREJUDICIAL ERROR WHEN IT APPROVED THE MAGISTRATE'S DECISION WITHOUT THE PLAINTIFF HAVING AN OPPORTUNITY TO MAKE OBJECTIONS TO THE MAGISTRATE'S DECISION AND WHEN NO TIME WAS ALLOWED FOR THE PLAINTIFF TO SUBMIT OBJECTIONS TO THE COURT.
Before addressing LeFever's assignments of error, we must first determine if the journal entry from which LeFever is appealing represents a final appealable order.
When the trial court adopted the magistrate's decision, it made the decision the "interim order" of the trial court, after determining that "immediate relief was justified in this case." However, the trial court also labeled the journal entry wherein it issued the interim order, "Final Appealable Orders." Additionally, LeFever was sent a Civ.R. 58 notice of a final appealable order. These actions are inconsistent. An interim order is, by definition, not a final appealable order.Barker v. Barker (1997), 118 Ohio App.3d 706, 713, Brown v.Cummins (1997), 120 Ohio App.3d 554, 556. Interim orders expire automatically after twenty-eight days, unless they are extended by one, additional twenty-eight-day period for good cause shown. Civ.R. 53(E)(4)(c). Interim orders cannot qualify as final appealable orders pursuant to the definition of final orders contained in R.C. 2505.02, since they do not "prevent a judgment." Barker, supra.
If a trial court decides to adopt a magistrate's decision as its order, it must do one of the following:
 (a) Immediately make an interim order adopting the magistrate's decision temporarily "where immediate relief is justified." The interim order is not automatically stayed if a party files timely objections to the magistrate's decision, and the interim order will dissolve after twenty-eight days unless the judge extends the interim order for one additional twenty-eight-day period. If the judge wishes to make the order permanent at the end of the twenty-eight-day period, he must issue a final order and have it filed with the clerk of courts and entered on the court's journal, and the clerk shall serve it pursuant to Civ.R. 58.
 (b) Immediately adopt the magistrate's decision as the final order of the court, sign the final order, and file it with the clerk, who will enter the order on the court's journal and serve notice of the order on all parties pursuant to Civ.R. 58. If a party files timely objections to the magistrate's decision, the execution of the judgment and the time for filing a notice of appeal are both stayed pending the judge's ruling on the objections.
 (c) Wait to adopt the magistrate's decision until the time for filing objections has passed and then sign the final order if no objections have been filed. If objections have been filed, the judge shall rule on the objections and then sign the final order. The final order shall then be filed with the clerk, who will enter the order on the court's journal and serve notice of the order on all parties pursuant to Civ.R. 58.
Brown, supra, at 555-556. (Emphasis added.)
It appears that the trial court intended for its July 17th Journal Entry to constitute a final appealable order, since it labeled the entry, "Final Appealable Orders." Indeed, there appears to be no justification for issuing an interim order under the circumstances of this case. However, in order for the journal entry to have actually constituted a final appealable order, the trial court had to adopt the magistrate's decision as a permanent order, rather than as an interim order. Because the phrase "interim order" is not defined in Civ. R. 53, the trial court's denomination of its order as an interim order is self-executing, even though clearly inappropriate, as in this case. In other words, even though we would agree that the trial court abused its discretion by choosing to enter an interim order in this case, that is nevertheless what the trial court did, and we cannot change that for the purpose of enlarging our appellate jurisdiction. By adopting the magistrate's order as an interim order, the trial court inadvertently placed itself in the position of having to issue a final order after twenty-eight days had passed from the date it issued the interim order. Since the trial court never issued a subsequent final order, there is not a final appealable order in this case. Accordingly, we have no jurisdiction to rule on the assignments of error presented for review. Barker, supra, at 13.
As a result of our ruling, this matter remains pending in the trial court. Upon being alerted to our ruling, the trial court should either issue a permanent order in this case or reconsider its decision to adopt the decision of the magistrate.
One additional issue must be mentioned. Civ.R. 53(E)(3)(b) provides that a party shall not assign as error on appeal the trial court's adoption of any finding of fact or conclusion of law unless the party has raised a timely objection to that finding or conclusion. Objections to the magistrate's decision must be filed within fourteen days of its filing. Civ.R. 53(E)(3)(a). Here, LeFever filed no objections to the magistrate's decision, because, she alleges, the trial court did not give her an opportunity to do so, since it adopted the magistrate's report immediately without waiting for objections. However, as previously explained, the trial court is permitted to do exactly that. Civ.R. 53(E)(4)(c). Moreover, even where, as here, the trial court chooses to issue an interim, rather than permanent, order, a party is still obligated, pursuant to Civ.R. 53(E)(3)(a), to file his objections within fourteen days of the filing of the magistrate's decision.
Although the time for filing objections to the magistrate's decision has long since passed, LeFever may nonetheless file a motion to extend the time for filing the required objections pursuant to Civ.R. 6(B). However, since the motion will be made after the expiration of the specified period for filing objections to the magistrate's decision, LeFever will have to demonstrate that her failure to file timely objections to the magistrate's decision was the result of "excusable neglect."Id. The decision to grant or deny a Civ.R. 6(B) motion rests within the trial court's discretion. While LeFever is not entirely blameless in this matter, the trial court should take into account the confusion resulting from its July 17th Journal Entry, when determining whether to grant or deny a Civ.R. 6(B) motion, if LeFever chooses to file one.
 III
This appeal is Dismissed for lack of a final appealable order.
GRADY, P.J. and WOLFF, J., concur.
Copies mailed to:
Mark M. Feinstein Daniel J. Martin G. Ross Bridgman Mark A. Knueve Hon. Roger Wilson