DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. And the following disposition is made:
{¶ 1} Appellant, Tina Elizabeth Stevenson, appeals from two separate decisions of the Medina County Probate Court which appointed Appellee, Advocacy Protective Services, Inc. (APSI), as emergency guardian with expanded powers. For the reasons explained below, we dismiss the appeal as moot.
 {¶ 2} Appellant suffers from multiple maladies, including borderline personality disorder, mild mental retardation, and Prader-Willi like symptoms (a genetic disorder which manifests itself mostly as an eating disorder in Appellant's case). In 1997, the probate court appointed APSI guardian of Appellant's person only, with limited powers related to placement and medical issues only. During 2003, APSI filed two separate motions to expand the guardianship, both of which were eventually withdrawn.
 {¶ 3} Then, on April 2, 2004, two non-attorneys filed separate motions. The first, filed allegedly on behalf of the Medina Board of Mental Retardation, requested establishment of an emergency guardianship; the second, allegedly on behalf of APSI as emergency guardian, requested extension of the emergency guardianship. The probate court briefly heard the matter that same afternoon and entered judgment granting APSI emergency guardianship powers for seventy-two hours "to make all decisions, medical [and] psychological [and] physical, to prevent [Appellant] from harming herself or others." The court also entered a second order extending the emergency guardianship powers to April 20, 2004. Counsel for Appellant was not notified of the motion for emergency guardianship or hearing, and did not appear.
 {¶ 4} The court scheduled a second hearing before a magistrate on the matter for April 20, 2004. Appellant's counsel appeared, though the record makes clear that she had virtually no notice and was understandably unprepared to best represent Appellant's interests at that time. Further, APSI had moved Appellant to a new facility where counsel had been barred from conversing with or seeing Appellant to discuss this case. Following much protestation as to due process concerns, counsel stayed throughout the hearing in order to attempt to best serve the interests of Appellant. Throughout the hearing, counsel indicated to the court that Appellant desired to terminate the guardianship.
 {¶ 5} The magistrate entered his decision one day later, finding that:
"[Appellant] is at risk for harming herself in the form of selfmutilation or suicide and is further at risk for harming others by physical assault. The Magistrate further finds that [Appellant] is in need of physical restraint and imposition of medications as prescribed by licensed physician to control or modify her aggressive behaviors; that this is in the best interest of [Appellant]. The Magistrate finds that [APSI] needs to possess additional, expanded authority to restrain or medicate [Appellant] in [her] best interest."
As such, the magistrate "decide[d] that the expanded authority of [APSI] to approve needed behavioral restrictions to ensure [the] health and safety of [Appellant] shall continue until the next hearing in [the] matter scheduled for May 6, 2004[.]" The magistrate further noted that both the motion for appointment of an emergency guardian and for extension of that emergency guardianship were filed by non-attorneys who had engaged in the unauthorized practice of law.
 {¶ 6} The probate judge immediately adopted as an interim order "that portion of the Magistrate's decision * * * expanding the authority of [APSI] to approve needed behavioral restrictions to ensure the health and safety of [Appellant.]" The order specifically noted that it would not be subject to any automatic stay normally caused by Appellant's filing of timely objections, and would extend only twenty-eight days. See Civ.R. 53(E)(4)(c).
 {¶ 7} On April 29, 2004, Appellant appealed from (1) the order granting APSI emergency guardianship powers for seventy-two hours, (2) the order extending the emergency guardianship to April 20, 2004, and (3) the probate court's interim order adopting the magistrate's decision granting expanded authority to APSI as limited guardian of Appellant.
 {¶ 8} An interim order is generally not a final, appealable order. SeeBrown v. Cummins (1997), 120 Ohio App.3d 554, 556; Barker v. Barker
(1997), 118 Ohio App.3d 706, 713. However, an order which affects a substantial right made in a special proceeding is final and appealable. R.C. 2505.02(B)(2). A judicially appointed guardianship is a special proceeding. In re Guardianship of Freeman, 4th Dist. No. 02CA737, 2002-Ohio-6386, at ¶ 12; In re Guardianship of Hosey, 2nd Dist. No. 2004 CA 33, 2005-Ohio-53, at ¶ 25. Even if we assume that an order expanding limitations on the rights of an individual affects a substantial right of that individual, however, the issues before this Court remain moot.
 {¶ 9} The original emergency guardianship order expanded the power of APSI only for seventy-two hours, until April 5, 2004. The additional order extended that timeframe to April 20, 2004. Both of these orders have expired on their own terms. Even if this Court were to find that the trial court erred in entering either order, we can offer no remedy to Appellant within the confines of this guardianship proceeding.
 {¶ 10} The final order, entered April 21, 2004, has also expired on its own terms. The order explicitly states:
 "IMMEDIATE ADOPTION AS INTERIM ORDER
"* * *
"The Court hereby adopts that portion of the Magistrate's decision of April 21, 2004 expanding the authority of [APSI] to approve needed behavioral restrictions to ensure the health and safety of [Appellant] and hereby makes the Magistrate's Decision an Interim Order pursuant to [Civ.R. 53(E)(4)(c)]. * * * This interim order shall extend twenty-eight(28) days from the date of this entry." (Emphasis added.)
An interim order entered under Civ.R. 53(E)(4)(c) may only extend twenty-eight days, unless the court enters a second order which may extend that time by another twenty-eight days. Civ.R. 53(E)(4)(c);Barker, 118 Ohio App.3d at 713. This particular order, therefore, expired May 19, 2004. Following that date, the guardianship powers reverted to the status which existed prior to imposition of the emergency guardianship.
 {¶ 11} Any opinion issued by this Court on the merits of this case would be completely advisory, and have no practical effect on the proceedings. This Court may not issue an advisory opinion. See State exrel. Barletta v. Fersch, 99 Ohio St.3d 295, 2003-Ohio-3629, at ¶ 22;Stacy v. Gains, 7th Dist. No. 03 MA 193, 2004-Ohio-7213, at ¶ 30;Kochalko v. Kochalko, 5th Dist. No. 04 CA 15, 2004-Ohio-7098, at ¶ 16;Jayne v. Wayne Mut. Ins. Co., 4th Dist. No. 04CA9, 2004-Ohio-6934, at ¶14. Accordingly, we refrain from addressing Appellant's assignments of error and dismiss this appeal.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, J., Batchelder, J., Concur.