DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated appeal from a judgment of the Sandusky County Court of Common Pleas, Probate Division, which denied the motion of appellant Mary Christine Riccardi for leave to file objections to the magistrate's decision of August 3, 2004. Appellant now challenges that judgment and others entered by the lower court through the following assignments of error:
 {¶ 2} "I. The trial court erred as a matter of law in concluding that the Board of MRDD had standing to pursue a petition to remove the guardian.
 {¶ 3} "II. The trial court erred in adopting a magistrate's decision where the requirements of Civ.R. 53 were not met.
 {¶ 4} "III. The trial court erred in denying the motion for leave to file objections.
 {¶ 5} "IV. The guardian was denied due process of law as she was not served by the clerk with a copy of the magistrate's decision until after the objection period had passed."
 {¶ 6} The relevant facts of this case are as follows. On October 9, 2002, Elizabeth Anne Riccardi was adjudged incompetent by reason of numerous mental health and retardation issues. On that same day, the lower court appointed appellant, Mary Christine Riccardi, guardian of the person and estate of Elizabeth. Thereafter, on May 23, 2003, appellee, the Sandusky County Board of Mental Retardation and Developmental Disabilities ("MR/DD"), filed a petition in the court below for removal of appellant as the guardian of Elizabeth. Appellee alleged that since appellant's appointment as guardian, Elizabeth has been moved in and out of residential placements five different times; that Elizabeth's medications have been increased and decreased several times at the request of appellant; that Elizabeth's condition is such that she requires consistency and structure without which she will become easily anxious and react aggressively to the slightest change in her routine; that appellant has signed numerous plans for services but then has disregarded the implementation process for these services and has used her legal authority as guardian to undermine the expertise of the professionals who have worked with Elizabeth for many years; and that as a result of the actions of appellant, Elizabeth's life is continually disrupted, her happiness has suffered and she is subjected to problematic situations.
 {¶ 7} Appellant responded by filing a motion to dismiss the petition for removal. Appellant asserted that appellee did not have standing to seek her removal as guardian because appellee was not the real party in interest. Appellee countered the motion to dismiss with a memorandum contra in which it argued that under R.C. 5126.15(B), it has an obligation to bring to the court's attention a situation in which a guardian is not acting in the ward's best interest. On January 27, 2003, the lower court magistrate filed a magistrate's decision denying appellant's motion to dismiss. The court specifically found that the obligations of appellee to Elizabeth Ann Riccardi pursuant to R.C. 5126.15(B) appeared fiduciary in nature and as such appellee had standing as a next friend and real party in interest to file a petition to remove the guardian. Thereafter, the lower court approved and adopted the magistrate's decision finding that appellee had standing and the case proceeded on the petition to remove appellant as guardian.
 {¶ 8} On June 18, 2004, the lower court magistrate issued a decision removing the guardian after hearings on the matter. Appellant then requested findings of fact and conclusions of law, and on August 3, 2004, the magistrate issued a decision that included findings of fact and conclusions of law in support of its recommendation that appellant be removed as guardian. On that same day, the lower court issued a judgment entry adopting the magistrate's findings of fact and ordering that appellant be relieved of her authority and responsibilities as guardian for Elizabeth.
 {¶ 9} On September 7, 2004, appellant filed a motion for leave to file objections and filed objections to the magistrate's decision of August 3, 2004. Regarding the motion for leave, appellant argued that although the magistrate's decision was journalized on August 3, 2004, she did not receive the judgment entry adopting it until August 19, 2004.
 {¶ 10} On September 27, 2004, the lower court issued a judgment entry denying appellant's motion for leave to file objections to the magistrate's decision as untimely. Thereafter, on October 26, 2004, appellant filed a notice of appeal from the trial court's judgments of August 3, 2004 and September 27, 2004.
 {¶ 11} Although appellant has challenged the judgment entries of both August 3 and September 27, 2004, for the following reasons, we find that appellant did not timely appeal the August 3 judgment entry and, as such, we do not have jurisdiction to review it.
 {¶ 12} Civ.R. 53 governs the procedures to be followed when a court of record refers a case to a magistrate. As we stated inBarker v. Barker (1997), 118 Ohio App.3d 706, 711, once a magistrate's decision is filed, the court has three options that are set forth Civ.R. 53(E)(4): "First, it may wait until the time for filing objections has passed (fourteen days) and adopt the decision as its permanent order if no objections have been filed and no errors of law appear on the face of the decision. Second, it may adopt the decision right away as the court's permanent order, but in this event timely objections stay both the execution of the order and the time for filing a notice of appeal, App.R. 4(B)(2), until the objections have been ruled on by the court. Third, it may make an interim order based on the magistrate's decision right away where immediate relief is justified, and in this event timely objections do not stay execution of the interim order. However, the interim order expires within twenty-eight days, which may be extended for one additional twenty-eight day period by the court. At the end of the interim order period the order expires and the court must enter its permanent judgment."
 {¶ 13} In the present case, the lower court adopted the magistrate's decision as the permanent order of the court through a judgment entry of the same day of the magistrate's decision, August 3, 2004. Appellant did not file timely objections to the magistrate's decision and, as such, the automatic stay provisions of Civ.R. 53(E)(4) were not triggered. Accordingly, the trial court's judgment of August 3, 2004, relieving appellant of her authority and responsibilities as guardian for Elizabeth was a final appealable order.
 {¶ 14} Appellant contends that because she was not served with and did not receive the judgment entry adopting the magistrate's decision until August 19, 2004, which was beyond the 14 day period in which to file objections, she was denied due process.
 {¶ 15} App.R. 4(A) states: "A party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure." The record reflects that service of the lower court's judgment was not made on appellant within three days of entering the August 3, 2004, judgment on the journal but, rather, was made on August 18, 2004 and received on August 19, 2004. Appellant, however, did not file her notice of appeal until October 26, 2004, clearly beyond that thirty day period prescribed in App.R. 4(A). Accordingly, this court is without jurisdiction to review the August 3, 2004, judgment.
 {¶ 16} Appellant has also challenged the trial court's judgment of September 27, 2004, denying her motion for leave to file late objections to the magistrate's decision.
 {¶ 17} Civ.R. 6(B) provides in relevant part: "When by these rules * * * an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion * * * (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect * * *." A trial court's ruling on a Civ.R. 6(B) motion for leave "is addressed to the sound discretion of the trial court and will not be disturbed on appeal absent a showing of an abuse of discretion." State exrel. Lindenschmidt v. Butler Cty. Bd. Of Commrs. (1995),72 Ohio St.3d 464, 465.
 {¶ 18} Appellant asserts that because she did not receive a copy of the judgment adopting the magistrate's August 3, 2004, decision until August 19, 2004, after the expiration of the 14 day period within which to file objections, the lower court abused its discretion in denying her motion for leave. Appellant, however, did not file her motion for leave until September 7, 2004, 19 days after receiving a copy of the judgment. While appellant's failure to file objections within 14 days of the filing of the decision may have been seen as excusable neglect, we find no abuse of discretion in the court's refusal to find excusable neglect where appellant waited 19 days after receiving the judgment before filing her motion for leave.
 {¶ 19} Appellant's assignments of error are not well-taken.
 {¶ 20} On consideration whereof, the court finds that substantial justice has been done the party complaining and the judgment of the Sandusky County Court of Common Pleas, Probate Division, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Sandusky County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Mark L. Pietrykowski, J. Arlene Singer, P.J. William J. Skow,J. concur.