[Cite as *PNC Bank, Natl. Assn. v. On The Greens Property Co.*, 2013-Ohio-1605.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| PNC BANK, NATIONAL ASSOCIATION, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| NOVA LAND COMPANY, LLC, | : | **CASE NO. 2012-L-133** |
| Intervening Plaintiff-Appellant, | : | |
| - vs - | : | |
| ON THE GREENS PROPERTY COMPANY et al., | : | |
| | : | |
| Defendants, | : | |
| (JACK CORNACHIO, RECEIVER, | : | |
| Appellee). | : | |

Civil Appeal from the Lake County Court of Common Pleas, Case No. 10CF002628

Judgment: Appeal dismissed.

*David R. Mayo*, Benesch, Friedlander, Coplan & Aronoff, LLP, 200 Public Square, Suite 2300, Cleveland, OH 44114 and *Ronald L. House, Jr.*, Benesch, Friedlander, Coplan & Aronoff, LLP, 41 South High Street, Suite 2600, Columbus, OH 43215 (For Plaintiff-Appellee).

*David J. Gornik*, 7103 Brightwood Drive, Concord, OH 44077 (For Intervening Plaintiff-Appellant).

*Maris L. Cornachio*, 37848 Euclid Avenue, Willoughby, OH 44094 (For Appellee).

TIMOTHY P. CANNON, P.J.

{¶1} On November 19, 2012, appellant, Nova Land Company, LLC ("Nova"), by and through counsel, filed a notice of appeal from two October 19, 2012 judgment entries of the Lake County Court of Common Pleas. In those entries, the trial court denied Nova's objections to the magistrate's decision and granted the motion to approve the sale of the property filed by the receiver, Jack Cornachio.

{¶2} On December 7, 2012, appellee, PNC Bank, National Association ("PNC"), filed a motion to dismiss the appeal. PNC alleges that Nova lacks standing to appeal the trial court's October 19, 2012 entry.

{¶3} Nova filed a brief in opposition to the motion to dismiss on December 19, 2012.

{¶4} The docket in this matter reveals that on September 2, 2010, PNC initiated a foreclosure action against On the Greens Property Company ("On the Greens"). On December 15, 2010, the trial court entered a consent judgment entry and appointed a receiver for the mortgaged property. Subsequently, on March 30, 2011, the trial court entered its decree in foreclosure and ordered that the property be sold at a sheriff's sale. Instead of proceeding to sheriff's sale, PNC requested that the receiver market the mortgaged premises for sale under the December 15, 2010 receiver order. The receiver entered into a proposed purchase agreement with Nova. On August 29, 2011, PNC filed a motion to approve the receiver's sale. On the Greens filed an objection to PNC's motion on September 7, 2011.

{¶5} Due to the opposition of the Nova sale, on September 22, 2011, PNC pursued the foreclosure remedy and filed its praecipe for order of sale.

2

{¶6} On January 25, 2012, the magistrate recommended granting PNC's August 29, 2011 motion to approve the receiver's sale. The trial court issued an order approving the sale on February 23, 2012. Nova did not close on the sale. The receiver then marketed the premises for sale to others. Thereafter, on May 15, 2012, Nova filed a motion to intervene as of right, seeking to file a complaint against the receiver and PNC. The receiver filed a motion to approve the sale of the property on May 21, 2012 to a third party, OTG Acquisition, LLC.

{¶7} In a July 31, 2012 decision, the magistrate recommended that Nova's motion to intervene as of right be denied. Nova filed objections to the magistrate's decision. In an entry dated October 19, 2012, the trial court denied Nova's objections. In a second October 19, 2012 entry, the trial court approved the receiver's motion to approve the sale of the property to OTG Acquisition, LLC.

{¶8} On November 9, 2012, Nova filed a motion for relief from the order denying its objections to the magistrate's decision. On November 19, 2012, Nova filed the instant appeal.

{¶9} Appellate jurisdiction is limited to the review of final orders and judgments that are appealable. *Klein v. Bendix-Westinghouse Automotive Air Brake Co.*, 13 Ohio St.2d 85, 86 (1968). The court of appeals does not have jurisdiction over appeals taken from orders which are not final and appealable. *Barker v. Barker*, 118 Ohio App.3d 706, 713 (1977).

{¶10} We would first note that in the instant matter the trial court's October 19, 2012 entry merely denied Nova's objections to the July 31, 2012 magistrate's decision. Under Civ.R. 53(D)(4)(a), "[a] magistrate's decision is not effective unless adopted by

3

the court." Civ.R. 53(D)(4)(e) provides that "[a] court that adopts, rejects or modifies a magistrate's decision shall also enter a judgment or interim order." The trial court did not adopt or reject that magistrate's decision.

{¶11} Here, Nova seeks to appeal an October 19, 2012 order, which merely denied its objections to the magistrate's decision. There was no judgment entry issued by the trial court that adopted or rejected the magistrate's decision. Thus, any appeal taken from the entry denying Nova's objections to the magistrate's decision is premature.

{¶12} Furthermore, it is well settled that "an appeal from the denial of a motion to intervene is limited solely to the issue of intervention. Because they are not parties, appellants do not have standing to appeal the trial court's judgment." *State ex rel. Montgomery v. Columbus*, 10th Dist. No. 02AP-963, 2003-Ohio-2658, ¶33.

{¶13} Nova seeks to appeal a second October 19, 2012 entry, which granted the motion to approve the sale of the property. Because Nova is not a party, it does not have standing to appeal the trial court entry granting the motion to approve the sale of the property.

{¶14} Based upon the foregoing, this court is without jurisdiction to entertain this appeal. Accordingly, appellee's motion to dismiss the appeal is granted. This appeal is hereby dismissed due to lack of standing.

{¶15} Appeal dismissed.


DIANE V. GRENDELL, J.,

THOMAS R. WRIGHT, J.,

concur.

4