[Cite as *Long v. Garrett*, 2015-Ohio-3622.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| KATHERINE W. LONG | ) | CASE NO. 15 MA 107 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION AND |
| | ) | JUDGMENT ENTRY |
| WILLIAM J. GARRETT, IV. | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:            Civil Appeal from the Court of Common
                                     Pleas, Domestic Relations Division, of
                                     Mahoning County, Ohio
                                     Case No. 11 DR 328

JUDGMENT:                            Temporary Stay Vacated
                                     Appeal Dismissed

APPEARANCES:

For Plaintiff-Appellee:              Atty. Charles Dunlap
                                     7330 Market St.
                                     Youngstown, Ohio 44512

For Defendant-Appellant:             Atty. Lynn Sfara Bruno
                                     Lynn Sfara Bruno Co., LPA, Inc.
                                     412 Boardman-Canfield Rd.
                                     Youngstown, Ohio 44512

                                     Atty. Charles Strader
                                     412 Boardman-Canfield Rd.
                                     Youngstown, Ohio 44512

JUDGES:

Hon. Gene Donofrio
Hon. Mary DeGenaro
Hon. Carol Ann Robb

                                     Dated: August 21, 2015

PER CURIAM.

{¶1} This matter comes on appeal from an interim order allowing Appellee to relocate to North Carolina with the parties' minor child. On July 2, 2015, Appellant filed a motion for stay. Appellee filed a motion to dismiss on July 10, 2015. In response, Appellant filed a reply in opposition to dismiss arguing finality since a substantial right as defined under R.C. 2505.02 is affected. Hearing on the Appellee's motion to dismiss and Appellant's motion for stay occurred on August 6, 2015. The issue pending before this court is whether the trial court's interim order is a final appealable order.

{¶2} The parties to this proceeding have one minor child, born April 22, 2010. Pursuant to a divorce decree entered on January 20, 2012, Appellee was designated residential parent and Appellant was granted liberal visitation. Appellee remarried and filed a motion to relocate with the child, first to California, then to North Carolina, where her new husband had been transferred. In response, Appellant filed a motion in opposition and further asked to be designated sole residential parent.

{¶3} Following numerous hearings over several months before a magistrate, on June 24, 2015 the magistrate issued a decision that relocation be permitted. The trial court issued an interim order allowing relocation the same day, so that the filing of any objections would not stay implementation of the decision allowing relocation. Objections were filed July 2, 2015. This appeal was filed the same day. Subsequently, the trial court extended its interim order another 28 days. A temporary stay of execution was issued by this court, pending hearing on the motion. Appellee has filed a motion to dismiss for lack of a final order.

{¶4} The trial court entered the interim order on June 24, 2015 pursuant to its authority under Civ.R. 53(D)(4)(e)(ii). This rule states:

"(ii) Interim order. The court may enter an interim order on the basis of a magistrate's decision without waiting for or ruling on timely objections by the parties where immediate relief is justified. The timely filing of objections does not stay the execution of an interim order, but an

> interim order shall not extend more than twenty-eight days from the date of entry, subject to extension by the court in increments of twenty-eight additional days for good cause shown. An interim order shall comply with Civ.R. 54(A), be journalized pursuant to Civ.R. 58(A), and be served pursuant to Civ.R. 58(B).

Civ.R. 53(D)(4)(e)(ii).

**{¶5}** In this order the trial court stated, "Immediate effect to be given to this Decision as an Interim Order so that the filing of Objections to this Decision will not stay its implementation while any Objections are pending." 6/24/15 J.E. Pursuant to its authority, under Civ.R. 53(D)(4)(e)(ii) it renewed the interim order on July 22, 2015.

**{¶6}** "'An interim order is, by definition, not a final appealable order.'" *Winkler v. Winkler*, 10th Dist. Nos. 02AP-937, 02AP-1267, 2003-Ohio-2418, ¶48, quoting *LeFever v. Cornnuts, Inc.*, 2d Dist. No. 98-CA-23, 1999 WL 22664, at *2 (Jan. 22, 1999). An interim order does not "prevent a judgment" as is required by R.C. 2505.02(B)(1) in order to constitute a final appealable order. *Id.* *See also Barker v. Barker*, 118 Ohio App.3d 706, 713, 693 N.E.2d 1164 (6th Dist.1997) ("By definition, an interim order which expires automatically is not a 'final' order since it does not 'prevent a judgment' as required by R.C. 2505.02's definition of final orders). *See also* Baldwin's Oh. Prac. Dom. Rel. L. § 31:13 (4th ed.) ("Where immediate relief is justified, Civ. R. 53(D)(4)(e)(ii) allows the court to enter an interim order based on a magistrate's decision without waiting for the filing of or ruling on objections. Such an interim order is not stayed by the filing of timely objections. * * * An interim order is, by definition, not a final appealable order.")

**{¶7}** In a factually similar case, a magistrate entered a report granting the mother's request to relocate out-of-state. *Citta-Pietrolungo v. Pietrolungo*, 8th Dist. No. 80960, 2002-Ohio-4589. The trial court entered an interim order the same day adopting the magistrate's report and allowing the relocation. The father filed objections to the magistrate's report. The trial court ultimately overruled the objections, and the father filed a timely notice of appeal from that judgment. *Citta-*

*Pietrolungo* indicates that the proper time to appeal a relocation order is after the trial court enters a final judgment on objections to the magistrate's decision.

{¶8} Motion to dismiss granted. Motion to stay denied as moot. Prior temporary stay issued by this court is vacated. Appeal dismissed.

{¶9} Costs taxed to Appellant.


Donofrio, J. concurs.

DeGenaro, J. concurs.

Robb, J. concurs.