[Cite as *In re Guardianship of Bakhtiar*, 2016-Ohio-8199.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | | |

IN RE: GUARDIANSHIP OF
FOUROUGH BAKHTIAR

C.A. No.    15CA010721

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    13GI00040

DECISION AND JOURNAL ENTRY

Dated: December 19, 2016

CARR, Presiding Judge.

{¶1}    Appellant Mehdi Saghafi appeals the judgment of the Lorain County Court of Common Pleas, Probate Division, that granted authority to the guardian for his wife, Fourough Bakhtiar, to proceed with divorce proceedings in the Cuyahoga County Domestic Relations Court. This Court dismisses the appeal as moot.

I.

{¶2}    Mehdi Saghafi and Fourough Bakhtiar are both in their eighties and had been married for over 55 years when Mehdi filed an application for appointment as guardian of his wife's person based on allegations of her incompetence. On the same day, Dariush Saghafi, one of the couple's sons, filed an application for appointment as guardian of Fourough's estate. Another son, Kourosh Saghafi, D.O., executed the statement of expert evaluation appended to both applications. A month later, Fourough filed a complaint for divorce from Mehdi in the Cuyahoga County Domestic Relations Court. A couple days after that, the couple's only

daughter, Jaleh Presutto, filed an application for appointment as guardian of her mother's person and estate. She appended a statement of expert evaluation conducted by a clinical neuropsychologist. Both experts who evaluated Fourough concluded that she was suffering from dementia. The Lorain County Probate Court subsequently found Fourough incompetent to care for herself and her property and determined that a guardianship was necessary. The probate court appointed Jaleh as interim guardian of her mother's person and Stephen Sartschev as interim guardian of Fourough's estate. Two days later, the probate court issued a judgment entry noting that it had conducted a pretrial during which all parties agreed that a guardianship was necessary for Fourough and that the court had appointed interim guardians. The trial court further prohibited the parties from proceeding with a final divorce hearing at that time.

{¶3} This guardianship matter proceeded in a highly contentious manner among Fourough's various family members. In addition, other lawsuits pending in Cuyahoga County, including the divorce proceedings between Mehdi and Fourough; a civil action by Kourosh seeking to have Fourough's earlier executed powers of attorney declared invalid; a civil action by Mehdi against Jaleh; and a civil action by third parties against Mehdi and Fourough's guardians surrounding their refusal to transfer their interest in certain real estate pursuant to a real estate contract, all intertwined and served to complicate these matters to a greater extent.

{¶4} Subsequently, Kourosh filed an application for appointment as guardian of his mother's person and estate. In addition, Mehdi and his sons filed multiple motions to have Fourough evaluated by an independent forensic psychiatrist and independent physician notwithstanding the parties' stipulation of incompetency and agreement that Fourough needed a guardian and that the probate court had appointed interim guardians for the ward and her estate. Mehdi and his sons further repeatedly sought to remove and/or limit the authority of Jaleh as her

mother's guardian. The probate court denied those requests. It continued to prohibit the parties from proceeding with a final divorce hearing.

{¶5} More than a year after the first application for appointment of a guardian was filed, the parties and attorneys involved in this matter, as well as some of the other legal matters involving this family, exhibited ongoing contentious and accusatory behaviors. While Fourough had two interim guardians, she also had her own attorney (Stephen Wolf) who moved to replace the guardian for the estate (Mr. Sartschev) who allegedly was no longer permitted to hold a fiduciary position. Mr. Wolf applied to the probate court to be permitted to "step in and take over as guardian of the estate[.]" Other members of Fourough's family challenged Mr. Wolf's application, asserting that his involvement with this matter, as well as his representation of Jaleh's husband in a criminal matter, prevented him from being a disinterested guardian. Mr. Sartschev informed the probate court that he was required to resign as guardian of the estate, and the trial court accepted his resignation. The probate court further removed Jaleh as guardian of the person and appointed attorney Zachary Simonoff as interim guardian of both the person and estate of Fourough. Mr. Simonoff filed a formal application for appointment as guardian. The probate court issued letters of guardianship of the estate to Mr. Simonoff and denied all other pending applications for guardian of the estate. The court further issued letters of guardianship to Mr. Simonoff as guardian of Fourough's person, pending final hearing on the matter. Again, the probate court ordered that neither the parties nor the guardian may proceed with a final divorce hearing relative to Mehdi and Fourough.

{¶6} A year-and-a-half after the initiation of this guardianship case, the probate court held a final hearing and issued a final judgment disposing of the pending applications. It denied the applications for guardianship filed by Mehdi Saghafi, Dariush Saghafi, and Kourosh Saghafi.

It issued letters of guardianship of the person of Fourough to Jaleh Presutto and letter of guardianship of the estate of Fourough to Zachary Simonoff. If addition, the probate court ordered Fourough's attorney, Stephen Wolf, to "file [a] brief with Court on issue of divorce of the Ward." The court granted a 21-day period for responses to Attorney Wolf's brief.

{¶7} Fourough, through Attorney Wolf, moved for an order allowing Mehdi and Fourough to proceed with a final divorce hearing. The guardian of the estate filed a brief in support. Mehdi filed briefs in opposition to both. Upon consideration of the briefs, the probate court ordered that "the Guardian is to proceed in the Cuyahoga County Domestic Relations case through to final divorce." Mehdi Saghafi filed a timely appeal, raising one assignment of error for review.

II.

**ASSIGNMENT OF ERROR**

THE HONORABLE TRIAL COURT ERRED IN GRANTING THE [ ] MOTION FOR AN ORDER ALLOWING PARTIES TO PROCEED WITH A FINAL DIVORCE HEARING.

{¶8} Mehdi argues that the probate court erred by ordering that the guardian could proceed in the parties' domestic relations case through to final divorce where the probate court had not ensured that the ward Fourough submitted to another capacity evaluation to determine whether her cognitive abilities had improved.

{¶9} This Court has jurisdiction to hear appeals only from final judgments. Article IV, Section 3(B)(2), Ohio Constitution; R.C. 2501.02. R.C. 2505.02(B) states, in relevant part, that an order is final and appealable if it "affects a substantial right in an action that in effect determines the action and prevents a judgment;" or "affects a substantial right made in a special

proceeding * * *." Guardianship proceedings constitute special proceedings. *In re Emergency Guardianship of Stevenson*, 9th Dist. Medina No. 04CA0036-M, 2005-Ohio-997, ¶ 8.

{¶10} In *Guardianship of Stevenson*, this Court assumed without deciding that an order modifying the authority of a guardian affects a substantial right of the ward. *Id.* However, we declined to address the substantive challenge to the trial court's order granting additional authority to the guardian because those issues were moot. *Id.* We reasoned:

> Any opinion issued by this Court on the merits of this case would be completely advisory, and have no practical effect on the proceedings. This Court may not issue an advisory opinion.

(Internal citations omitted.) *Id.* at ¶ 11.

{¶11} In this case, the probate court issued an order allowing Fourough's guardian to proceed in the domestic relations case through a final divorce. Mehdi challenges the propriety of that order in the absence of a more recent and successive evaluation to determine Fourough's competency to proceed with a divorce. The guardian has submitted to this Court a suggestion of mootness for the reason that the Cuyahoga County Domestic Relations Court has issued a final decree of divorce and, moreover, that Mehdi has appealed that decree. We agree.

{¶12} As the Cuyahoga County Domestic Relations Court has granted a final decree of divorce, this Court's opinion on the issue "would be completely advisory, and have no practical effect on the proceedings." *Guardianship of Stevenson* at ¶ 11. Accordingly, we refrain from addressing Mehdi's assignment of error, and we are compelled to dismiss the appeal. *See id*.

Appeal dismissed.

———

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

MOORE, J.
CONCURS.

CANNON, J.
DISSENTING.

{¶13} I respectfully disagree that an opinion on the merits of this appeal would be advisory. I therefore dissent from the majority's decision to dismiss the appeal.

{¶14} The majority opinion states that "[a]s the Cuyahoga County Domestic Relations Court has granted a final decree of divorce, this Court's opinion on the issue 'would be completely advisory, and have no practical effect on the proceedings.'" However, the probate court issued its order authorizing the guardian to proceed with the divorce on December 3, 2014, and the domestic relations court thereafter entered judgment for final divorce decree on October 28, 2015. I respectfully suggest that the case before us is distinguishable from the decision of this Court in *In re Emergency Guardianship of Stevenson*, 9th Dist. Medina No. 04CA0036-M, 2005-Ohio-997. In that case, this Court was asked to review three orders that had each expired by

their terms. There was no relief that could be granted. Contrary to being advisory or moot, I believe this decision is necessary to support the jurisdiction of the domestic relations court in its decision to proceed with the divorce.

{¶15} Prior to deciding the merits, there is a distinction that must be made between the determination of whether it is in the ward's best interest to proceed with a divorce and the determination of whether she is competent to testify in the domestic relations case.

{¶16} Pursuant to R.C. 2101.24(A)(1)(e), the probate court has exclusive jurisdiction "[t]o appoint and remove guardians * * * [and to] direct and control their conduct." R.C. 2111.50(A)(1) provides that "[a]t all times, the probate court is the superior guardian of wards who are subject to its jurisdiction, and all guardians who are subject to the jurisdiction of the court shall obey all orders of the court that concern their wards or guardianships." *See also In re Guardianship of Derakhshan*, 110 Ohio App.3d 190, 192 (11th Dist.1996).

{¶17} "The probate court has plenary power at law and in equity to dispose fully of any matter that is properly before the court, unless the power is expressly otherwise limited or denied by a section of the Revised Code." R.C. 2101.24(C). "Where a matter falls within the exclusive jurisdiction of the probate court, no other court may exercise jurisdiction over the matter." *In re Guardianship of Campbell*, 7th Dist. Mahoning No. 05 MA 10, 2006-Ohio-1764, ¶ 30.

{¶18} The role of the domestic relations court as it relates to the parties herein is different than that of the probate court. The question before the domestic relations court is one of competency to testify pursuant to Evid.R. 601. That rule provides, in pertinent part:

{¶19} Every person is competent to be a witness except:

Those of unsound mind, and children under ten years of age, who appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly.

{¶20} Although the domestic relations court determines a ward's competency to testify in a divorce proceeding, the probate court is the only court authorized by statute to decide what is or is not in the best interest of the ward.

{¶21} As a threshold matter, there is a clear difference between what constitutes "competence" for purposes of a probate court determination of guardianship, and a domestic relations court's consideration of competency to testify. I agree with the analysis of the Sixth District Court of Appeals, which states:

> The criteria for determining incompetence for purposes of establishing a guardianship are substantially different than those used in establishing whether a witness is competent to testify at trial. A person is incompetent for purposes of establishing a guardianship if he or she is so mentally impaired as a result of a mental or physical illness or disability, or mental retardation, or as a result of chronic substance abuse, that the person is incapable of taking proper care of the person's self or property or fails to provide for the person's family or other persons for whom the person is charged by law to provide. This is different than the standard provided in Evid.R. 601(A). One is not necessarily determinative of the other.

(Internal quotations omitted.) *Reinbolt v. Kern*, 6th Dist. Wood No. WD-12-041, 2013-Ohio-1359, ¶ 33, quoting *State v. Marshall,* 191 Ohio App.3d 444, 2010-Ohio-5160; R.C. 2111.01(D).

{¶22} Once a guardianship is established, it is the province of the probate court to decide what is in the best interest of the ward. When a question arises about whether it is in the best interest of a ward to proceed with a divorce, exclusive jurisdiction over that question lies with the probate court. R.C. 2101.24(A)(1)(e) and R.C. 2111.50. The probate court has exclusive jurisdiction "to direct and control" the conduct of the guardian, so it follows that the determination of the probate court in regard to proceeding with a divorce should be binding upon the domestic relations court in any subsequent divorce proceeding.

{¶23} In the present case, the probate court, acting within its exclusive jurisdiction and as superior guardian of the ward, held exhaustive hearings to ensure proceeding with a divorce

was in the best interest of the ward. The probate court determined that although the ward is incompetent, she is capable of expressing her wishes with regard to the divorce proceeding. Thus, the probate court authorized the guardian to proceed with the divorce through final decree. Where the probate court, acting as superior guardian, has already made the determination that the ward is capable of expressing her wishes with regard to the divorce, the jurisdiction of the domestic relations court would be limited to an exercise of its discretion to determine the extent to which the witness is competent to testify, and the weight to be given to such testimony. It would not, however, be in a position to rule contrary to the probate court determination regarding whether a divorce is in the best interest of the ward. Therefore, I believe this Court must rule on the merits of the issue presented on appeal and determine whether the probate court abused its discretion in determining that the ward is capable of expressing her wishes to file for divorce and authorizing the guardian to proceed through final decree.

{¶24} Appellant's sole assignment of error is that the probate court "erred in granting the October 27, 2014 motion for an order allowing parties to proceed with final divorce hearing." Appellant argues the trial court abused its discretion in granting the motion in the absence of the ward undergoing a capacity evaluation.

{¶25} Appellee argues the probate court did not abuse its discretion in authorizing the guardian to proceed with final divorce in the absence of a capacity evaluation because the evidence supported the finding that the ward is capable of expressing her wishes with regard to the divorce.

{¶26} We review a probate court's decision regarding matters of guardianship under an abuse of discretion standard. *In re Guardianship of Lavers*, 6th Dist. Lucas No. L-11-1044, 2012-Ohio-1668, ¶ 32. Unless the probate court's decision amounts to an abuse of discretion,

the decision will not be reversed on appeal. *Id.* "An 'abuse of discretion' is more than an error of law or judgment, it implies that the trial court acted unreasonably, arbitrarily or unconscionably." *Id.*, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶27} The factual determinations the probate court makes in exercising its discretion will not be disturbed on appeal when those determinations are supported by some competent credible evidence. *Lavers* at ¶ 33.

{¶28} Pursuant to R.C. 2111.02(C)(7), the probate court shall conduct a hearing during which the alleged incompetent person has the right to introduce an independent expert evaluation prior to the appointment of a guardian or limited guardian. Thereafter, however, "the granting of a medical examination is within the sound discretion of the trial court." *In re Guardianship of Poulos*, 8th Dist. Cuyahoga No. 96366, 2011-Ohio-6472, ¶ 24.

{¶29} In the present case, the probate court exercised its discretion as superior guardian of the ward when it authorized the guardian to proceed with the final divorce hearing. In its December 3, 2014 judgment entry, the probate court stated that after reviewing the Guardian Ad Litem report and the briefs in opposition and support, it found the report confirmed that the ward "wants to be divorced and that she 'knows' what she wants." Additionally, the probate court found that "[w]hile the ward needs a Guardian to oversee her needs she has the ability to express that she wants a divorce and why." Upon review of the Guardian Ad Litem report, it states that "Mrs. Bakhtiar is an extremely articulate and intelligent woman who is able to express herself well." The probate court considered the Guardian Ad Litem's findings in making its decision and reviewed the briefs in opposition and support; therefore, I do not hold that the probate court abused its discretion in finding the ward is capable of expressing her feelings regarding divorce and authorizing the guardian to proceed through final decree.

{¶30} For the reasons stated herein, I would decide this case on the merits. In doing so, I would affirm the probate court's decision to authorize the guardian to proceed through final decree.

(Cannon, J., of the 11th District Court of Appeals, sitting by assignment.)

APPEARANCES:

BRADLEY HULL IV, Attorney at Law, for Appellant.

ERIC ZAGRANS, Attorney at Law, for Appellee.